IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AC, ET AL.                                    )

                                              )

       Plaintiffs                      )

                                              )

       v.                              ) CA NO. 1:06-CV-439-HHK

                                              )

DISTRICT OF COLUMBIA,                         )

                                              )

       Defendant                       )

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AWARDING ATTORNEY'S FEES AND COSTS

Come now plaintiffs by counsel and move the Court for summary judgment awarding order awarding attorney's fees and costs to plaintiffs for the underlying administrative proceedings and for this judicial proceeding herein.  In support of their motion plaintiffs state as follows:

1.   20 U.S.C., Sec. 1415, (i)(3), authorizes the Court to award attorney's fees to the parent of a child with a disability, who is the prevailing party;

2.   By various Hearing Officer's Determinations (HODs) issued as the result of administrative hearings held before the District of Columbia Public Schools (DCPS) Student Hearing Office

(SHO), the plaintiffs herein prevailed and obtained relief for the minor plaintiffs herein in administrative hearings against the District of Columbia Public Schools (DCPS) before the DCPS Student Hearing Office (SHO);

3.   As a result of plaintiffs' success, under the terms of the foregoing statute the plaintiffs are the prevailing parties entitled to reimbursement for attorney's fees and costs;

4.   Prior to filing this case, plaintiffs' counsel submitted directly to DCPS's Office of General Counsel (OGC) copies of his timesheets, all applicable HODs, and statements for attorney's fees and costs for all of the plaintiffs herein.   Those submittals are so voluminous as to be impracticable for electronic filing with this motion;

5.   In response to plaintiffs submittal, DCPS has made partial payments on some but not all of the statements submitted, but has disallowed numerous charges thereon, and/or has not paid the reasonable amounts due therein;

6.   Plaintiffs rely on the current <u>Laffey</u> <u>Matrix</u> in support of their request for an award based on a current hourly rate that has just been increased from the $405.00 stated in the first amended complaint to the now current hourly rate of $425.00;

7.   Attached hereto as ATTACHMENT ONE is a statement of each applicable Hearing Officer's Determination, the hours and costs incurred, credit for any partial payments by DCPS, the net total amount due for each minor plaintiff, and the total overall amount due in the administrative proceedings; and

8.   Also attached hereto as ATTACHMENT TWO are timesheets setting out the total hours and costs incurred in the judicial proceedings to date, which will be updated and submitted when briefing of this motion is completed.

WHEREFORE, plaintiffs herein request the Court to grant relief as follows:

a.  Grant plaintiffs' motion and enter summary judgment thereon in favor of plaintiffs and against defendant;

b.  Order defendant to pay to plaintiffs' counsel $708517.00 as reimbursement for attorney's fees and costs reasonably incurred in the underlying administrative proceedings;

c.  Order defendant to pay to plaintiffs' counsel $18131.00 as, reimbursement for attorney's fees and costs reasonably incurred in this judicial proceeding to date;

d.  Order defendant to pay to plaintiffs' counsel as reimbursement for attorney's fees and costs such amount as are reasonably incurred in this judicial proceeding subsequent to this filing;

e.  Order such other relief as this Court deems just and proper in the premises.

Respectfully submitted;

_____
Ronald L. Drake
D.C. Bar No. 338392
Attorney at Law
5 P Street, S.W.
Washington, D.C. 20024
(202) 682-0223

Counsel for Plaintiffs

sj.mtn

**ATTACHMENT ONE**
**ADMINISTRATIVE PROCEEDINGS**
(ADJUSTED FROM AMENDED COMPLAINT ATTACHMENT ONE TO
REFLECT CURRENT HOURLY RATES OF $425.00 PER HOUR RATHER
THAN THE PRIOR $425.00 PER HOUR, AND TO INCLUDE ANY
HOURS SUPPLEMENTAL TO THE PRIOR BILLING ALONG WITH
ANY NEEDED CORRECTIONS OF THAT ATTACHMENT ONE)


```
                                    @$425.00
Tyuan Maleak Barbour
  November 19, 2004 HOD  50.25 Hours  $21356.25
                            Costs        58.00
      Credit for partial DCPS payment:  4058.00

                              Net Total: $17356.25


Jamaal Leonard Barnes
  May 5, 2003 HOD        6.75 Hours  $ 2868.75
    (supplemental)
                            Costs        18.00

                              Net Total: $ 2886.75


Clarence Bates
  June 2, 2004 HOD       36.25 Hours  $15406.25
                            Costs        45.00
      Credit for partial DCPS payment:  4045.00

                              Net Total: $11406.25


Jonathan Mark Bates
  April 8, 2003 HOD        7.  Hours  $ 2975.00
                            Costs        20.00
      Credit for partial DCPS payment:  1970.00

                              Net Total: $ 1025.00


Asley Mark Clark
  August 1, 2005 HOD     27.75 Hours  $11793.75
                            Costs        33.00
      Credit for partial DCPS payment:  4033.00

                              Net Total: $ 7793.75


Asley Mark Clark
  March 22, 2005 HOD     23.75 Hours  $10093.75
  September 21, 2004 HOD 49.  Hours   20825.00
                            Costs       103.00
      Credit for partial DCPS payment:  8103.00

                              Net Total: $22918.75
```

**ATTACHMENT ONE (cont)**
Page 2

```
                              @$425.00
Asley Mark Clark
 *August 1, 2005/
  January 13, 2006 HOD   19.25 Hours  $ 8181.25
                             Costs       15.00

                              Net Total: $ 8196.25


Joshua Dawson
  August 2, 2005   HOD   45.25 Hours  $19231.25
                             Costs       53.00
       Credit for partial DCPS payment:  4053.00

                              Net Total: $15231.00


Joshua Dawson
  August 2, 2005   HOD   13.5  Hours   5737.50
     (supplemental)
                             Costs       15.00

                              Net Total: $ 5752.50


Maurice Alno Elliott-Spears
  September 20/
  October 15, 2004 HOD  133.25 Hours  $56631.25
                             Costs      151.00
       Credit for partial DCPS payment:  4139.00

                              Net Total: $52642.25


Cameron Harrison Gilbert
 *September 8, 2004/
  October 5, 2004 HOD    44.25 Hours  $18806.25
 *April 25, 2003 HOD    104.   Hours  $44200.00
                             Costs      308.00

                              Net Total: $63314.25


Ravin-samone Curisa Green/Mallory
  March 25, 2005 HOD     64.5  Hours  $27412.50
                             Costs       65.00
       Credit for partial DCPS payment:  4065.00

                              Net Total: $23412.50
```

**ATTACHMENT ONE (cont)**
Page 3

```
                                    @$425.00
James Ingram
   March 25, 2005 HOD    70.25 Hours  $29856.25
                            Costs         40.00
        Credit for partial DCPS payment:  4040.00

                                Net Total: $25856.25


Anthony Kenneth Isaacs, Jr.
   September 17, 2004 HOD 42.25 Hours  $17956.25
   June 8, 2004 HOD    30    Hours   12750.00
   February 4, 2004 HOD  42    Hours   17850.00
                            Costs        138.00
        Credit for partial DCPS payment:  12138.00

                                Net Total: $36556.00


Anthony Kenneth Isaacs, Jr.
   September 17, 2004 HOD 10.75 Hours   4568.75
      (supplemental)
                            Costs         18.00
        Credit for partial DCPS payment:     18.00

                                Net Total: $ 4568.75


Nicole Maranda Jackson
   December 2, 2004 HOD    77.25 Hours  $32831.25
                            Costs         81.00
        Credit for partial DCPS payment:  4018.00

                                Net Total: $28894.25


Kenneth Antonio Jenkins
   December 3, 2003 HOD    10.75 Hours  $ 4568.75
                            Costs         18.00
        Credit for partial DCPS payment:  3918.00

                                Net Total: $  667.75


Kenneth Antonio Jenkins
   December 3, 2003 HOD    18.25 Hours  $ 7756.25
      (supplemental)
                            Costs         18.00

                                Net Total: $ 7774.25
```

**ATTACHMENT ONE (cont)**
Page 4

```
                                    @$425.00
Kenneth Antonio Jenkins
   December 3, 2003 HOD    1.25 Hours     531.25
      (second supplemental)
                          Costs        2.00

                          Net Total: $   533.25


Markeata Lashawnda Jenkins
  *March 3/12, 2004 HOD    22.25 Hours $ 9456.25
                          Costs       21.00

                          Net Total: $ 9477.25


Markeata Lashawnda Jenkins
  *May 19, 2005 SA         24   Hours  10200.00
   March 3/12, 2004 HOD    10.75 Hours $ 4568.75
      (supplemental)
                          Costs       43.00

                          Net Total: $14811.75


Cleveland Tyrone Jones, Jr.
   June 3, 2004 HOD        53.75 Hours $22843.75
                          Costs       70.00
      Credit for partial DCPS payment:  4070.00

                          Net Total: $18843.75


Michael Tyrek Long
   August 2, 2005 HOD      30.75 Hours $13068.75
                          Costs       15.00
      Credit for partial DCPS payment:  4015.00

                          Net Total: $ 9068.75


Michael Tyrek Long
   August 2, 2005 HOD      10.75 Hours $ 4568.75
      (supplemental)
                          Costs       10.00

                          Net Total: $ 4578.75


Michael Tyrek Long
   March 30, 2004 HOD      49.75 Hours $21143.75
   November 3, 2003 HOD    52   Hours  22100.00
                          Costs      132.00
      Credit for partial DCPS payment:  8117.00

                          Net Total: $35258.75
```

**ATTACHMENT ONE (cont)**
Page 5

                                    @$425.00
Pierce Devon Nesbit
   September 13/October
   13/November 15/
   December 16, 2004 HOD 129.75 Hours  $55143.75
                              Costs      129.00
      Credit for partial DCPS payment:  4129.00

                              Net Total: $51143.75


Michelle L. Robinson
   November 20, 2003 HOD  70.25 Hours  $29856.25
   June 16, 2003 HOD      11.5  Hours   4887.50
                              Costs      139.00
      Credit for partial DCPS payment:  7217.50

                              Net Total: $27665.25


Cheyenne O'Dale Snead
   April 2, 2004 HOD     42.75 Hours  $18168.75
                              Costs       71.00
      Credit for partial DCPS payment:  4071.00

                              Net Total: $14168.75


Thomas Anthony Stevens
   April 2, 2004 HOD     16.25 Hours  $ 6906.25
                              Costs       18.00
      Credit for partial DCPS payment:  4018.00

                              Net Total: $ 2906.25


Thomas Anthony Stevens
   April 2, 2004 HOD     26.   Hours  $ 11050.00
      (supplemental)
                              Costs       23.00
      Credit for partial DCPS payment:    23.00

                              Net Total: $11050.00


Tiffany Yvonne McNeal Thompson
   August 4, 2005 HOD    55.5  Hours  $23587.50
                              Costs       20.00
      Credit for partial DCPS payment:  4020.00

                              Net Total: $19587.50

**ATTACHMENT ONE (cont)**
Page 6

```
                                      @$425.00x
Rashid Edward Ward
 *March 22, 2004 HOD      28.25 Hours  $12006.25
 *August 28, 2003 HOD     49.25 Hours  $20931.25
  July 9, 2003 HOD        31.25 Hours  $13281.25
                            Costs        111.00
     Credit for partial DCPS payment:   4111.00

                          Net Total: $44218.75


Malik Saleen Watkins
  April 7, 2005 HOD        43.25 Hours  $18381.25
  September 17, 2004 HOD   38.75 Hours   16468.75
  March 23, 2004 HOD       93.25 Hours   39631.25
                            Costs        138.00
     Credit for partial DCPS payment:  12138.00

                          Net Total: $62481.25


Malik Saleen Watkins
  April 7, 2005 HOD        45.75 Hours  $19443.75
     (supplemental)
                            Costs         33.00
                          Net Total: $19476.75


Jerome Wesley Woodberry
  March 23, 2005 HOD       21.  Hours  $ 8925.00
                            Costs         15.00
     Credit for partial DCPS payment:   4015.00

                          Net Total: $ 4925.00


Shamyane Elsie Woodberry
  March 23, 2005   HOD     25.25 Hours  $10731.25
                            Costs         30.00
     Credit for partial DCPS payment:   4030.00

                          Net Total: $ 6731.25


Khalii Davon Wright
  August 17, 2004 HOD      45.5 Hours  $19337.50
                            Costs        684.50
     Credit for partial DCPS payment:   4684.50

                          Net Total: $15337.50
```

**TOTAL AMOUNT FOR ADMINISTRATIVE PROCEEDINGS**  $708517.00

*No payments made on each of these seven HODs/SA
**ATTACHMENT TWO**

<u>TIMESHEETS</u>
<u>AC, ET AL., v. DC</u>
Page 1

```
3- 8-06    1.5    File review to determine basis for complaint
3- 8-06    2.     Legal research for drafting complaint
3- 9-06    3.5    Drafting complaint/summons
3- 9-06    1.5    Editing/revising complaint/summons
3-10-06    .5     Filing complaint/service of summons
3-19-06    .5     Drafting affidavit of service
4- 7-06    .25    Phone call with D attorney Ms. Miller
                  Re:  Request for dates of HODs
4- 7-06    1.     Assembling HOD dates/administrative
                  history
4- 7-06    .25    Drafting letter to Ms. Miller
                  Re:  Foregoing
4- 7-06    .25    Reading/analyzing D's motion for extension
4-11-06    .25    Drafting/calendaring Court order granting
                  extension
4-14-06    1.     Assembling summary sheet of bills
4-14-06    .25    Drafting letter to Ms. Miller
                  Re:  Foregoing
5-10-06    .25    Phone calls (2) with Ms. Miller
                  Re:  D's intent to file for more definite
                  statement
5-11-06    2.     File review to prepare amended complaint
5-11-06    1.     Drafting amended complaint
5-12-06    1.     Summarizing total of fees due
5-12-06    .25    Drafting offer of settlement to D
5-31-06    .5     Reading/analyzing D's answer to amended
                  complaint
6- 5-06    .25    Reading/analyzing Court Order requiring
                  proposed schedule for dispositive motions
6- 6-06    .25    Phone call with Ms. Miller
                  Re:  Proposed schedule for filing
                  dispositive motions
6- 6-06    .25    Reading/analyzing Ms. Miller's fax
                  Re:  Proposed schedule for motions
6- 6-06    .25    Drafting letter to Ms. Miller
                  Re:  Motion schedule
6- 7-06    .25    Phone call with Ms. Miller
                  Re:  Motion schedule
6- 8-06    .25    Phone calls (2) with Ms. Miller
                  Re:  Agreement on motion schedule
```

<u>TIMESHEETS</u>
<u>AC, ET AL., v. DC</u>
<u>Page 2</u>

| | | |
|---|---|---|
| 6- 8-06 | .25 | Drafting proposed praecipe and order |
| 6- 8-06 | .25 | Reading/analyzing D's proposed praecipe and order |
| 6- 8-06 | .25 | Reading/analyzing proposed praecipe and order filed by defendant |
| 7- 6-06 | .25 | Drafting fax to Ms. Miller Re:  Partial fee payment |
| 7-10-06 | 2. | Legal research |
| 7-11-06 | 1.5 | Drafting summary judgment motion/points and authorities/order/statement of issues |
| 7-11-06 | 2. | Drafting attachment for summary judgment |
| 7-12-06 | 2. | Legal research |
| 7-12-06 | 2. | Drafting/revising summary judgment motion/ points and authorities/proposed order |
| 7-12-06 | 2. | Editing/revising foregoing |
| 7-12-06 | 1.75 | Revising attachment to motion for summary judgment |
| 7-13-06 | 2. | Revising foregoing |
| 7-14-06 | 1. | Revising foregoing |
| 7-17-06 | 1.5 | Legal research |
| 7-17-06 | 1. | Revising foregoing |
| 7-18-06 | 1. | Review of this counsel's unpublished cases for precedent |
| 7-26-06 | .25 | Phone call with Ms. Miller Re:  Need for extension of time to file dispositive motion |
| 7-28-06 | .25 | Phone call with Ms. Miller Re:  Motion for extension filed |
| 8- 1-06 | .25 | Reading/analyzing motion for extension of time |
| 8- 1-06 | .5 | Revising attachment to motion for summary judgment |
| 8- 1-06 | .25 | Drafting letter to Ms. Miller Re:  Outstanding unpaid balance |
| 8- 1-06 | .5 | Assembling timesheets for judicial proceedings |

TIMESHEETS
AC, ET AL., v. DC
Page 3


Costs and Expenses

| Date | Amount | Item |
|---------|--------|-----------------------------|
| 3-10-06 | 250.00 | Filing fee for complaint |
| 3-10-06 | 10.00 | Copying initial documents |
| 3-10-06 | 6.00 | Certified mail charge |
| 2006 | 10.00 | Copying (miscellaneous) |
| 2006 | 5.00 | Postage (miscellaneous) |

Total:  $281.00

TIMESHEETS
AC, ET AL., v. DC
Page 4


RECAPITULATION


Fees                     $17850.00
    Total Hours  42.
x $425.00 per hour

Costs and Expenses   $   281.00




                            BALANCE DUE      $18131.00

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AC, <u>ET</u> <u>AL</u>.                      )

                                )

        Plaintiffs              )

                                )

        v.                      ) CA NO. 1:06-CV-439-HHK

                                )

DISTRICT OF COLUMBIA,           )

                                )

        Defendant               )

<u>POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR</u>
<u>PAYMENT OF ATTORNEY'S FEES AND COSTS FOR COURT PROCEEDINGS</u>

As shown by plaintiffs' motion, the District of Columbia Public Schools (DCPS) has made partial payment on most but not all of the statements submitted in this matter. However, DCPS has disallowed numerous charges thereon, and has not paid the reasonable amount due therein.

I.   <u>NATURE OF ACTION</u>

This is an action for reimbursement of reasonable attorney's fees and costs incurred by the plaintiffs in their successful administrative actions to obtain a free, appropriate public education from the District of Columbia Public Schools (DCPS), as required by 20 U.S.C., Sec. 1400, <u>et</u> <u>seq</u> (<u>IDEA</u>).

## II.  APPLICABLE UNDERLYING LAW

The Individuals With Disabilities Act (IDEA), 20 U.S.C., Sec. 1415(i)(3)(B) and (C), authorize the Court to award attorney's fees to the parent of a child with a disability, who is the prevailing party.  Bailey v. District of Columbia, 839 F.Supp. 888 (D.D.C. 1993), 20 IDELR 1185, sets the framework for determining prevailing market rate in the community, and the basis for determining a reasonable rate for an attorney.

The D.C. Appropriations Act of 2003, Section 144, signed into law on or about February 20, 2003, limits to $4,000.00 per case the amount of attorney's fees the District is allowed to pay from those 2003 appropriations in IDEA cases.  However, in Calloway v. District of Columbia, 216 F.3d 1, 9 (D.C. Cir. 1999), the Court held that the predecessor to the current appropriations act did not limit a District Court's power to award attorney's fees at current market rate.

## III.  ARGUMENT

A.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment may be granted if the moving party has established that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c).

Summary judgment may be granted if the record reveals there is no genuine issue as to any material fact.  District Intown Properties Limited Partnership v. District of Columbia, 198 F.3d 874, 878 (D.C.Cir. 1999).  Summary judgment may be granted even if the movant has proffered no evidence, so long as the non-

movant failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id.

A party may move for summary judgment, with or without supporting affidavits. Celotex Corporation v. Catrett, 477 U.S. 316, 323, 106 S.Ct. 2548, 2553-2554 (1986). The motion may be granted if the moving party demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied. Id.

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Further, the non-moving party may not rest on the pleadings, but must rather rely on the other evidentiary materials listed in Fed.R.Civ.P. 56(c). Celotex Corporation v. Catrett, supra. Further, the nonmoving party must produce evidence in a form that is capable of being converted into admissible evidence. Gleklen v. Democratic Congressional Campaign Committee, Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000).

B.  THIS COUNSEL'S CURRENT HOURLY RATE AND NUMBER OF HOURS BILLED ARE REASONABLE

A litigant is a prevailing party if the result of the litigation settles some dispute which affects the behavior of the defendant toward the plaintiff. Farrar v Hobby, 506 U.S. 109, 110, 113 S.Ct. 566, 572 (1992). Where the plaintiff has succeeded on any significant issue in the litigation, and achieved some benefit, then the plaintiff has crossed the threshold to a fee award of some kind. The critical factor then

becomes the degree of success obtained. <u>Hensley</u> <u>v.</u> <u>Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 1939-1940 (1983). A plaintiff who has won substantial relief is entitled to an award. <u>Id</u>. at page 1943. The Supreme Court reaffirmed that position in <u>Blum</u> <u>v.</u> <u>Stenson</u>, 104 S.Ct. 1541, 1550 (1984). If the relationship between the parties was materially altered, or if the plaintiffs prevailed on the significant issues of the case, then they are entitled to attorney's fees. <u>Smith</u> <u>v.</u> <u>Roher</u>, <u>supra</u>, at page 364.

The determination of a reasonable fee is to be made by the District Court. <u>United</u> <u>Slate,</u> <u>Tile</u> <u>&</u> <u>Composition</u> <u>v.</u> <u>G</u> <u>&</u> <u>M</u> <u>Roofing</u>, 732 F.2d 495, 504 (6th Cir. 1984). Reasonableness is determined by whether the Court can conclude from the fee application that the services were efficient, were devoted to necessary subjects, and were not excessive in the amount of hours logged on the case. <u>In</u> <u>Re</u> <u>Olson</u>, 884 F.2d 1415, 1422 (D.C. Cir. 1989).

The most useful starting point for determining the reasonable fee is the number of hours reasonably expended multiplied by the reasonable hourly rate. <u>Hensley</u> <u>v.</u> <u>Eckerhart</u>, at page 1939. However, the Court's determination must be consistent with the statutory requirement, which provides as follows

> 20 U.S.C., Sec. 1415(i)(3)(C). Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection.

Further, the fees should not merely be such that would attract counsel. Rather, they should be adequate to attract competent counsel. In Re Olson, supra, at page 1422. Further, reasonableness is not a reasonableness such as would exist in a theoretical rational economy. Reasonableness is viewed in light of the legal economy that in fact exists. In Re North, 8 F.3rd 847, 851 (D.C. Cir. 1993).

The burden is on the fee applicant to establish a reasonable hourly rate. That burden entails a showing of at least the following elements: the attorney's billing practices and hourly rate; the attorney's skill, experience, and reputation; the attorney's number of years practicing law; the nature of the attorney's practice as it relates to this kind of litigation; and the prevailing market rates in the relevant community. Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995); Watkins v. Vance, 328 F.Supp.2d 27, 31 (D.D.C. 2004). Plaintiffs' counsel's satisfaction of that burden creates a presumption that the hours and rate are reasonable. The defendant now must go forward to show specific contrary evidence that a lower rate is appropriate. Id.

Current market rates, rather than historical market rates, should be used to calculate the fee award. Smith v. Roher, 954 F.Supp 359, 364-365 (D.D.C. 1997). The best evidence of the current market hourly rate may well be the hourly rate customarily charged by plaintiffs' counsel. Cook v. Block, 609 F.Supp. 1036, 1042 (D.D.C. 1985), citing National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1325

(D.C. Cir. 1982). However, the attorney may point to an updated version of the Laffey Matrix. Covington v. District of Columbia, supra, at 1109; Abraham, et al., v. D.C. 338 F.Supp.2d 113, 123-124 (D.D.C. 2004; Nesbit v. D.C., CA 01-2429, at page 1, (D.D.C. November 4, 2003).

C.  THIS COUNSEL'S BACKGROUND JUSTIFIES THE REQUESTED HOURLY RATE OF $425.00

In the context of the foregoing cited cases, this counsel's billing history, background and experience are relevant and required to be stated. That billing history, background and experience were noted in Abraham, et al., v. D.C., supra, at 123-124. That information is summarized here.

This counsel's historical and current market rates are a matter of record with DCPS, well known to DCPS, and have been so for many years. This counsel billed at an hourly rate of $405.00 for the underlying administrative proceedings, when those bills were submitted based on the Laffey Matrix then in effect. Since that time the Laffey Matrix rate for counsel with the undersigned's experience has increased to $425.00.

This counsel has been a member of the Indiana Bar since 1964, a member of the Georgia Bar since 1971, and a member of the District of Columbia Bar since 1981. This counsel has specialized in special education law for nearly 17 years, represented parents in hundreds of administrative hearing, taken successful appeals of adverse administrative rulings to this Court, and has obtained judgments for attorney's fees in cases before this Court. This counsel served as a member of the

Indiana General Assembly, counsel to the Indianapolis Board of Public Works, special assistant in the U.S. Department of Interior Office of Surface Mining. This counsel also served as a D.C. Superior Court arbitrator, and as a hearing officer for a national political convention.

This counsel has lectured on special education law, worked with a parent's advocacy group, written columns on special education issues, testified on special education issues before the D.C. City Council and the D.C. Board of Education. This counsel has been active in the Shaw community on community matters for more than approximately twenty-five years.

This counsel drafted and presented the Retention Rule (5 DCMR, Sec. 2201.10, December 2002 edition) and secured its adoption by the D.C. Board of Education, and successfully defended it before a DCPS hearing officer against DCPS's effort to overturn it.

This counsel has brought IDEA cases in this Court that successfully made or extended existing law that (1) required Due Process hearing witnesses to be sworn; (2) applied the doctrine of continuing tortious breach to the tolling of the statute of limitation; (4) addressed the entitlement of students to compensatory services; and (5) applied market attorney fee rates prevailing in the community to IDEA cases.

This counsel was the attorney for the citizens who successfully brought the nominating petition proceeding in the Mayor Tony Williams case. This counsel was also one of the successful challengers in the recent Slots Initiative, tried the

administrative case <u>pro</u> <u>se</u>, briefed and then argued the case in conjunction with counsel for the Board of Elections and Ethics before the D.C. Court of Appeals.

D.   <u>THE ATTORNEY'S FEE CAP DOES NOT LIMIT THIS COURT'S POWER</u>
     <u>TO MAKE A FULL ATTORNEY'S FEE AWARD AT CURRENT MARKET RATE</u>

In <u>Calloway</u> <u>v.</u> <u>District</u> <u>of</u> <u>Columbia</u>, supra, at page 12, the Court found that Congress did not limit the power of the District Courts to award attorney's fees at current market rate under IDEA.  Rather, the <u>Calloway</u> Court held that the rider on the District of Columbia's annual budget act simply limited the District's ability to pay reasonable attorney's fees during a particular fiscal year, as follows:

> The rider's express terms restrict District payment of IDEA fees from FY 1999 appropriations.  We give section 130 precisely that effect.  If Congress wishes to restrict court authority to award fees against the District, it may do so either through the D.C. appropriations bill or through the enactment of substantive legislation amending IDEA. But until Congress demonstrates clear intent to modify substantive law, either through statutory language or persuasive legislative history, we presume in accordance with circuit precedent that it did not use section 130 to limit the power of federal courts to award fees under IDEA.

Accordingly, this Court's authority to award a reasonable attorney's at the current market rate, in compliance with <u>IDEA</u>, remains undisturbed.  The fee cap as imposed by the current Appropriations Act does not affect the amount of the attorney's fee award.  It simply delays the collectibility of any judgment until such time that the cap is no longer attached as a rider to the annual appropriations act.

III.    <u>CONCLUSION</u>

    For all the foregoing reasons, plaintiffs urge the Court to grant their motion as stated.


                        Respectfully submitted;


                        _____
                        Ronald L. Drake
                        D.C. Bar No. 338392
                        Attorney at Law
                        5 P Street, S.W.
                        Washington, D.C. 20024
                        (202) 682-0223

                        Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AC, <u>ET</u> <u>AL</u>.                    )

                                          )

       Plaintiffs                )

                                          )

       v.                        ) CA NO. 1:06-CV-439-HHK

                                          )

DISTRICT OF COLUMBIA,                     )

                                          )

       Defendant                 )

<u>PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE</u>

Plaintiffs present this statement of material facts as to which there is no genuine issue, as follows:

1.  Each of the plaintiffs prevailed and obtained relief for the minor plaintiffs herein in administrative hearings against the District of Columbia Public Schools (DCPS) before the DCPS Student Hearing Office (SHO).

2.  Prior to filing this case, plaintiffs' counsel submitted his statement for attorney's fees and costs for each of the plaintiffs herein directly to DCPS's Office of General Counsel (OGC).

3.  As to some plaintiffs herein, DCPS has made a partial payment on the bill submitted.

4.  As to some plaintiffs herein, DCPS has made no payment on the bill submitted.

5.  DCPS has not made full payment on any of the statements submitted for any of the plaintiffs in this action.

6.  Plaintiffs' counsel is an attorney with more than 20 years experience in the practice of law.

7.  The current <u>Laffey</u> <u>Matrix</u> for an attorney of more than 20 years experience in the practice of law is $425.00 per hour.


                              Respectfully submitted;




                         _____
                         Ronald L. Drake
                         D.C. Bar No. 338392
                         Attorney at Law
                         5 P Street, S.W.
                         Washington, D.C. 20024
                         (202) 682-0223

                         Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


AC, ET AL.                          )

                                    )

          Plaintiffs                )

                                    )

          v.                        ) CA NO. 1:06-CV-439-HHK

                                    )

DISTRICT OF COLUMBIA,               )

                                    )

          Defendant                 )

ORDER

     This matter comes before this Court on Plaintiffs' Motion
for Payment of Attorney's Fees and Costs for Court Proceedings,
and defendant's opposition thereto.    The Court, being duly
advised in the premises, NOW FINDS that plaintiffs' motion should
be GRANTED.   It is therefore, this _____ day of _____,
2006,

     ORDERED, that Plaintiffs' Motion for Payment of Attorney's
Fees and Costs for Administrative and Court Proceedings is
GRANTED, and

     IT IS FURTHER ORDERED, that plaintiffs are hereby awarded
the sum of $_____, as attorney's fees and costs in the
underlying administrative proceedings;

IT IS FURTHER ORDERED, that plaintiffs are hereby awarded the sum of $_____, along with any subsequent additional in addition to any attorney's fees and costs in this court proceeding; and

IT IS FURTHER ORDERED, that defendants shall pay such sums directly to plaintiffs' attorney, Ronald L. Drake, Esquire, within ____ days of this Order.

SO ORDERED.

_____
Henry H. Kennedy, Jr.
United States District Judge


Copies to:

    Mr. Ronald L. Drake, Esquire
    5 P Street, S.W.
    Washington, D.C. 20024

    Edin I. Miller
    Assistant Attorney General
    441 4th Street, N.W.,
    Sixth Floor South
    Washington, D.C. 20001

sj.mtn