UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBORAH CLARK,[1] *et al.*, Parent and next friend of A.C., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0439 (HHK) |
| DISTRICT OF COLUMBIA, A municipal corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT AWARDING ATTORNEY'S FEES AND COSTS**

**INTRODUCTION**

This is an action under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq*. ("IDEIA") for attorneys' fees and costs. The case is an aggregation of about 50[2] separate claims of 26 different plaintiffs. It is asserted that each individual plaintiff was a "prevailing party" in an administrative proceeding under IDEIA, and that reimbursement of related attorneys' fees and costs are required.

In the aggregate, Plaintiffs here seek an award of more than $700,000 in attorneys' fees and costs. Moreover, the Plaintiffs further demand an award of more than $18,000 for attorneys' fees and costs in connection with this judicial proceeding to date. For the reasons set forth below, the Plaintiffs' summary judgment motion must be summarily denied.

---

[1] Minors lack the legal capacity to bring and maintain the present case; thus, the proper plaintiff is A.C.'s parent, Deborah Clark, not A.C.
[2] It is difficult to determine exactly what the claims are because several of the Plaintiffs seek payment for more than one administrative proceeding, and have submitted more than one (supplemental) invoice for one proceeding.

## ARGUMENT

**I.    The Request for Fees in This Court Action is Premature**

The Motion includes a request that the Court make an award of some $18,000 now be made for attorneys' fees and costs in connection with this court proceeding to date; details are purportedly provided as Attachment Two to the Motion. That request, however, is at best premature.

As shown below, the underlying requests for administrative fees and costs are patently defective at this time, and it is hardly a reasonable assumption that the Plaintiffs will prevail in this case. Moreover, as recently observed by Judge Collyer in *Cummings v. District of Columbia*, Civ. No. 04-1426 (D.D.C., July 13, 2006), "[w]ithout a final appealable order on the merits [of the complaint], Plaintiffs' request for attorney's fees is premature. . . . [When a final order is issued], counsel for the Plaintiffs will be able to submit an application for attorney's fees, which Defendants might accept or challenge." Order at 4.

**II.    The Plaintiffs Have Failed to Provide Any of the Showings Necessary To Support the Award of Any Attorneys' Fees.**

Under the Individuals with Disabilities Education Improvement Act 0f 2004 ("IDEIA"), 20 U.S.C. §§1400 *et seq.*, the Court is empowered to exercise its discretion in determining the amount of attorneys' fee awards. However, the plaintiff bears the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours and justifying the reasonableness of the rates. *See Blum v. Stenson*, 465 U.S. 866, 896 n. 11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Covington v. District of Columbia*, 313 U.S.App.D.C. 16, 57 F.3d 1101, 1107 (1995), *cert. denied*, 516 U.S. 1115 (1996); *Smith v. District of Columbia,*

Civ. No. 02-0373 (D.D.C.), Memorandum Opinion issued June 24, 2003, pp. 8-9. "The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." *Smith v. Roher,* 954 F. Supp. 359, 365 (D.D.C. 1997) (citing *In re North,* 303 U.S. App. D.C. 443, 8 F.3rd 852 (1993)). "Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high degree of certainty* that such hours were actually and *reasonably expended*….'." *In re Olson,* 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting *United Slate, Tile & Composition v. G&M Roofing,* 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original). And the Court must exclude from the fee award any hours that were not "reasonably expended." *Smith v. Roher*, *supra,* 954 F. Supp. at 365 (citing *Hensley v. Eckerhart, supra*, 461 U.S. at 434).

    **A.**    **There is no basis for judging the reasonableness of the administrative fees and costs claimed.**

Where, as here, there are a series of individual fees claimed, the Plaintiffs must establish, by evidence, among other things, an entitlement to fees, and the reasonableness of the time and efforts expended. In this case, however, the Plaintiffs have submitted nothing on the basis of which the Court may determine either an entitlement to a fee award, or the reasonableness of the time and services for which reimbursement is sought.

As to the threshold showing of an entitlement to any fees awards, the Motion simply asserts that all plaintiffs "prevailed and obtained relief . . . in administrative hearings." Motion, p. 2. While reference is made to "various Hearing Officer's Determinations ("HODs") issued as the result of administrative hearings held before the Distreict of Columbia Public Schools ("DCPS") Student Hearing Office," no such documents appear in this record. And while paragraph 1 of the Plaintiffs' statement of

material facts not in dispute similarly states that the "plaintiffs prevailed . . . in administrative hearings," it does not, as required by LCvR 56.1, "include references to the parts of the record relied on to support the statement." Because there is no such evidence.

The record is similarly devoid of any information concerning how much attorney's time was devoted to what, or when. Instead, appended to the Motion as Attachment One is a series of hours and costs "summaries" for each of the claimants, providing simply a total number of hours (in some cases, identified as "supplemental") and a dollar figure, as well as an unexplained figure for "costs." It is simply impossible for the Court to grant the award(s) requested, given the current state of the record.

It should be noted that, in another pending IDEIA fees case by the same counsel for Plaintiffs here, a similar objection by the Defendants was met with high insult since, the Court was there advised, Plaintiffs counsel had earlier provided information to counsel for the Defendants. Here, too, in trying to understand the basis for the Plaintiffs' claims, counsel for the Defendants requested the details from Plaintiffs' counsel, in response to which the undersigned was furnished a welter of documents.

However, the Court is being asked to make a judicial determination, and that determination must be based on record evidence. There is no evidence of record here. And what Plaintiffs' counsel has informally provided Defendants' counsel provides no basis for this Court's acting on the Complaint or the Motion. As any attorney demanding the hourly rate proposed here undoubtedly knows.

For this reason alone, the Motion must be summarily denied.

  **B.** **The proposed hourly rate is not justified.**

  The Motion does undertake to justify a proposed hourly rate of $425.00. Motion, pp. 20-22. Since the Motion is patently defective for the reasons set forth above, the Defendants will not impose on the Court's time to address the hourly rate issue at this time. Should those deficiencies be rectified, and if the Defendants and the Court are required to address further details concerning the claims herein, the Defendants will submit its position at that time. Suffice it to say at this time, no Court in this jurisdiction has ever approved the extraordinary rate being demanded here; other attorneys with Plaintiffs counsel's longevity and experience in IDEIA litigation charge far less than that demanded here; more junior attorneys do precisely the same work – with equal competence – and charge a fraction of what is requested in this case; and the Laffey Matrix was not intended as a tool for plundering the public fisc. Should this action survive the Court's ruling on the current Motion, the Defendants will demonstrate in detail the indefensibility of the hourly rate proposed.

**III.** **Plaintiffs are not entitled to a grant of summary judgment because the Plaintiffs' motion is not supported by record evidence.**

  **A.** **Standard of Review for Summary Judgment**

  Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Although a court should draw all reasonable inferences from the records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To be genuine, the issue

must be supported by evidence sufficiently admissible that a reasonable trier of fact could find for the nonmoving party; to be material, the factual assertion must be capable of affecting the substantive outcome of the litigation. *See id.*; *see also Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

The District of Columbia District Court Local Civil Rules 7(h) and 56.1 both require that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement . . ." This Court explains in *Hundley v. District of Columbia* that:

> [t]his requirement "isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002) (citing *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980)).  Because the rules help promote efficient and correct judicial decision-making, the D.C. Circuit "has repeatedly upheld district court rulings that hold parties to strict compliance" with the local rules. *Robertson v. American Airlines, Inc.*, 239 F. Supp. 2d 5, 8 (D.D.C. 2002) (citing *Burke*, 286 F.3d at 517; *Jackson v. Finnegan, Henderson, Farabow, Garrett, & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996); *Gardels*, 637 F.2d at 773).

Civil Action No. 02-0638, Memorandum Opinion issued on October 19, 2004, at 3 (Kennedy, J.).

> **B.  The Plaintiffs' Statement of Material Facts as to which There is No Genuine Issue ("Plaintiffs' Statement") is wholly insufficient to support their motion and cannot <u>sustain a favorable decision on the record as a matter of law.</u>**

One its face, Plaintiffs' Statement does not meet the requirements of Local Civil Rules 7(h) and 56.1, and summary judgment must be denied summarily. Plaintiffs' Statement is just two pages long and lists only seven material facts to support the 50 or so

6

claims of the 26 Plaintiffs. Pl. Stmt. There is not one specific fact that addresses any of the individual claims. Pl. Stmt. Further, there is not one reference to the record. The Plaintiffs merely mention in passing administrative victories and billing invoices, but have not provided those documents for the Court's review. *See* Pl. Stmt. In other words, the Plaintiffs have not made their record, and therefore cannot justify their present fee request.

By virtue of their insufficient Statement alone, the Plaintiffs fail to meet their burden to establish all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours and justifying the reasonableness of the rates.

Because Plaintiffs' Statement is so general and so deficient, the Defendant is unable to here address Statements 1-5. The Defendant does not dispute Statement 6 regarding plaintiffs' counsel's twenty years of experience. With regard to Statement 7, the Defendant does not dispute that $425.00 per hour is currently the *highest* rate for an attorney with more than 20 years of experience given on the Laffey Matrix.

## **CONCLUSION**

This Court should deny the Plaintiffs' Motion for Summary Judgment. In the alternative, this Court should order the Plaintiffs to supplement the record with documentary evidence and then amend their Motion. At minimum, this Court should require plaintiffs to submit documentation for each claim such as: (1) a copy of the administrative proceeding for which the Plaintiff seeks fees as a prevailing party; (2) a copy of each invoice submitted by plaintiffs' counsel to DCPS for each administrative proceeding; and (3) each dispute and approval letter from DCPS. Once such submissions

are made, this Court should order the Plaintiffs to amend their motion for summary judgment, and indicate a deadline for the Defendant's response. The Defendant requests at least 20 days to respond, given the volume of claims in this case.

                                Respectfully submitted,

                                ROBERT J. SPAGNOLETTI
                                Attorney General of the District of Columbia

                                GEORGE C. VALENTINE
                                Deputy Attorney General
                                Civil Litigation Division

                                **/s/ Edward P. Taptich**
                                EDWARD P. TAPTICH [#012914]
                                Chief, Equity Section 2

                                **/s/ Eden I. Miller**
                                EDEN I. MILLER [#483802]
                                Assistant Attorney General
                                441 Fourth Street, N.W., Sixth Floor South
                                Washington, D.C. 20001
                                (202) 724-6614
                                (202) 727-3625 (fax)
April 17, 2006                    Eden.Miller@dc.gov