IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AC, ET AL. | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
|     v. | ) CA NO. 1:06-CV-439-HHK |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|     Defendant | ) |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE ITS OPPOSITION TO PLAINTIFFS' AMENDED SUMMARY JUDGMENT MOTION

    Plaintiffs' oppose and urge the Court to summarily deny defendant's motion for an extension of time to file an opposition to a non-existent amended summary judgment motion.

I.  SCHEDULING BACKGROUND

1.  On June 5, 2006, this Court ordered the parties to confer and propose a briefing schedule for any dispositive motions.

2. On June 8, 2006, the parties filed their notice of Joint Proposed Scheduling Order for Dispositive Motions. The proposed schedule was as follows:

```
July 28, 2006   -  Parties to file dispositive motions
August 18, 2006 -  Parties to file oppositions
August 31, 2006 -  Parties to file replies
```

The parties agreed to the request of plaintiffs' counsel, subject to the Court's approval, that all proceedings and deadlines, other than the Court's ruling on the dispositive motions, would be stayed from September 4, 2006, through November 7, 2006, due to this counsel's extended schedule away on another matter, the subject matter of which was disclosed to defendant.

3. On July 28, 2006, defendant District of Columbia filed its consent motion for a one week extension of time to file dispositive motions.

4. On July 29, 2006, the Court adopted the parties' proposed schedule, granted defendant District's motion for extension of one week for the parties to file dispositive motions, and ordered the parties bound by their proposed schedule.

5. On August 3, 2006, plaintiffs filed their motion for summary judgment. Defendant District did not file any dispositive motion.

6. On August 17, 2006, defendant District filed its opposition to plaintiffs' motion for summary judgment. That motion did not include the mandatory accompanying statement of all material facts as to which defendant contends there exists a

genuine issue necessary to be litigated, nor did it squarely meet plaintiff's motion.

7.   On August 26, 2006, plaintiffs filed their reply to defendant's opposition, including the invoices and timesheets defendants demanded to be filed, which were already long in defendant's possession.

8.   On August 31, defendant District filed its motion for an extension of time to file an opposition to plaintiffs' reply.

## II.   APPLICABLE RULE

LCvR.7 sets out the pleadings permitted to be filed in motions practice. Those pleadings are: a motion accompanied by points and authorities; an opposition; and, a reply, if any. The Rule does not authorize an opposition to a reply. The Rule does not authorize an opposing party to simply declare that a motion has been amended, and then demand as a matter of right to file an opposition thereto.

## III.   ARGUMENT

Defendant's caption of its motion as simply a request for an extension of time as though defendant was entitled, as a matter of right, to file an opposition to a reply, which defendant simply by fiat re-titled an *amended* summary judgment motion is, at best, erroneous. There is no amended summary judgment motion in the file of this case. Plaintiffs have not amended, sought to amend, nor intended to amend their pending motion for summary judgment. Plaintiffs stand on their pending motion, their points and authorities in support of that motion, their statement of

material facts not in dispute, and their reply to defendant's opposition thereto.

Defendant's assertion that plaintiffs' submittal of timesheets with their reply, <u>as demanded by defendant</u>, included hundreds of pages of <u>new</u> documents is, at best, erroneous. Defendant assertion that "[w]hile it is true that the plaintiffs did provide <u>some</u> (emphasis supplied) documents to the defendant", is by implication more than erroneous.

As shown in plaintiffs' reply, defendant has long had possession of and acknowledged review of <u>all</u> of the timesheets appended to plaintiffs' reply. In fact, defendant's DCPS was the opposing party in all of the administrative proceedings for which attorney's fees are sought, and received all of the Hearing Officer's Determinations (HODs) immediately and directly from DCPS's own Student Hearing Office (SHO). For defendant by inference to seek to persuade this Court to infer otherwise is to urge an erroneous inference.

As already disclosed to the Court in plaintiffs' reply, prior to filing this case plaintiffs submitted to defendant (1) an invoice summary for each claim showing including the date of the invoice; (2) timesheets for each claim showing the date, amount of time, work performed, and, where relevant, an additional description of that work; (3) copies of all HODs; (4) a record of any DCPS partial payments; and (5) an Application for Payment of Attorney Fees and Costs Pursuant to the Individuals with Disabilities Education Act. In fact, defendant acknowledged that, in addition thereto, in response to a request from

defendant's counsel, this counsel "furnished a welter of documents" to defendant's counsel.

Further, at defendant's insistence, plaintiffs had already amended their complaint to include (1) the date of all HODs; (2) the hours and costs claimed; and (3) a record of any DCPS partial payments. Moreover, in the pending motion plaintiffs included: (1) the date of all HODs; (2) the hours and costs claimed; (3) a record of any DCPS partial payments; and (4) a net total for each separate claim. Defendant joined issue with its answer thereto.

On or about August 1, 2006, defendant's counsel informed plaintiffs' counsel that defendant's counsel had reviewed each claim for fees. That disclosure establishes that at all relevant times, prior to plaintiff's motion, and long before defendant's opposition was due, defendant had in hand all of the necessary documentation to fully and completely respond to plaintiffs' motion. Defendant was also in position to submit to the Court the mandatory accompanying statement of all material facts as to which defendant contends there exists a genuine issue necessary to be litigated.

Defendant requested this Court for an extension of time to file a dispositive motion. Then defendant did not file a dispositive motion. Defendant utilized all but one day of its allotted time within which to file its opposition to plaintiffs' motion. Then, in that opposition, rather than fairly meeting the plaintiffs' contentions, defendant demanded that plaintiffs file hundreds of pages of invoices and timesheets that were already in the possession of defendant, which plaintiffs then filed with

their reply. Defendant also demanded that plaintiffs file hundreds of pages of HODs already in the possession of defendant, which plaintiffs did not file and which are of absolutely no relevance or import to the pending motion for attorney's fees. If filed those HOD will do nothing more than unnecessarily burden this Court and consume more of this Court's time to review to determine their obvious irrelevance. Defendant also demanded that plaintiffs file copies of Dispute and Approval Letters, that are either non-existent, or exist only in the possession of defendant itself.

Defendant, in possession of all of the foregoing documents, could have filed any or all of them in its opposition so that it met its burden of going forward with evidence that plaintiffs' request for fees is not reasonable. That defendant did not do. Further, as already noted, the defendant failed to even provide the Court the mandatory statement of all material facts as to which defendant contends there exists a genuine issue necessary to be litigated. Now defendant asks the Court to rescue defendant from the results of its own litigation decisions. That the Court should not do.

Defendant represented to the Court that plaintiffs will not be prejudiced by the grant of defendant's motion. Nothing could be more contravened by the facts well-known by defendant. This counsel has relied on and made substantial commitments and plans, based on defendant's agreement, subject to the Court's approval, that all proceedings and deadlines, other than the Court's ruling on the dispositive motions, would be stayed from September 4,

2006, through November 7, 2006, due to this counsel's extended schedule away on another matter. Now defendant by indirection seeks the Court's intervention to render defendant's agreement a nullity. That the Court should not do.

## IV.  CONCLUSION

The Court has in its possession all documents and pleadings necessary for the Court to render its decision. For all the foregoing reasons, plaintiffs urge the Court to deny defendant's motion and for the Court to then grant plaintiffs' motion for summary judgment.

Respectfully submitted;

_____
Ronald L. Drake
D.C. Bar No. 338392
Attorney at Law
5 P Street, S.W.
Washington, D.C. 20024
(202) 682-0223

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

```
AC, ET AL.                          )
                                    )
     Plaintiffs                     )
                                    )
     v.                             ) CA NO. 1:06-CV-439-HHK
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
     Defendant                      )
```

ORDER

This matter comes before this Court on Defendant's Motion for Enlargement of Time to File its Opposition to Plaintiffs' Amended Summary Judgment Motion, and plaintiffs' opposition thereto.  The Court, being duly advised in the premises, NOW FINDS that defendant's motion should be denied.  It is therefore, this ____ day of _____, 2006,

ORDERED, that Defendant's Motion for Enlargement of Time to File its Opposition to Plaintiffs' Amended Summary Judgment Motion is DENIED.

SO ORDERED.

_____
Henry H. Kennedy, Jr.

United States District Judge

Copies to:

    Mr. Ronald L. Drake, Esquire
    5 P Street, S.W.
    Washington, D.C. 20024

    Edin I. Miller
    Assistant Attorney General
    441 4th Street, N.W.,
    Sixth Floor South   Washington, D.C. 20001