UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH CLARK,[1] Parent and next friend of A.C., a minor, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DISTRICT OF COLUMBIA, A municipal corporation,<br><br>　　　　Defendant. | Civil Action No. 06-0439 (HHK) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ENLARGEMENT OF TIME TO FILE ITS OPPOSITION
TO PLAINTIFFS' AMENDED SUMMARY JUDGMENT MOTION**

The Defendant, by counsel, responds herewith to "Plaintiffs' Opposition to Defendant's Motion for Enlargement of Time to File its Opposition to Plaintiffs' Amended Summary Judgment Motion," filed August 31, 2006 ("Opposition"). For the reasons set forth below, the Opposition is utterly without merit.

**PRELIMINARY STATEMENT**

Preliminarily, it should be noted that precisely the same procedural circumstance occurred in recent days in another pending case where reimbursement of the same counsel is involved, <u>Thomas v. District of Columbia</u>, Civ. No. 03-1791 (D.D.C.). There, as here, the plaintiffs filed a motion for summary judgment lacking any evidentiary support to demonstrate that the plaintiffs were prevailing parties, or any evidentiary support for the amount of the fees claimed. As here, the Defendant there opposed the

---

[1] Minors lack the legal capacity to bring and maintain the present case; thus, the proper plaintiff is A.C.'s parent, Deborah Clark, not A.C.

motion, pointing out the lack of evidence, whereupon the plaintiffs submitted to the Court with their reply pleading, for the first time, hearing officers' decisions ("HODs") and invoices to support the fees claim.  The Defendant sought an enlargement of time to respond to the new matters (volumes of paper) attached to that reply pleading.  Counsel for the plaintiffs there consented to that enlargement, and subsequently filed his own surrebuttal.  The identical deficiency here, and its procedural consequences, are not unfamiliar to Plaintiffs' counsel.

The Defendants responded to the Thomas reply pleading materials, arguing at length their insufficiency to support the fees claimed.  And it is Plaintiffs' counsel's highly personalized pique with the Defendant's substantive response in Thomas – and apparently to avoid the Defendant's critique of the comparable materials now submitted here – that is the reason for the Opposition.  That annoyance, however, is no basis whatever for not affording the Defendant an opportunity to respond in detail to the materials offered to this Court for the first time in the Plaintiffs' August 26, 2006, reply pleading.

**ARGUMENT**

Plaintiffs here argue that they "stand on their pending motion, their points and authorities in support of that motion, their statement of material facts not in dispute, and their reply to defendant's opposition thereto."  Opposition at 3-4.  However, while the extensive documentation attached to the Plaintiffs' August 26 reply was presented to the Court for the first time, the Plaintiffs oppose the Defendant's request to respond to those new matters.

Stripped of all hyperbole, the Plaintiffs' position is that the Defendant was earlier provided the materials that were attached to the Plaintiffs' August 26 summary judgment reply, and that if the Defendant had any problem with the adequacy of those materials, it should have raised them in its August 17 opposition pleading. The Plaintiffs' position ignores basic, familiar (to any experienced litigation attorney) and indisputable legal realities.

The burden to establish both prevailing party status under Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEIA"), and an entitlement to the amount of fees claimed is the Plaintiffs'. They must do so based on evidence. The complaint (initial or amended) is not evidence. The Plaintiffs' summary judgment motion must rely on evidence of record, and prior to the August 26 reply pleading, none had been submitted.[2]

That Plaintiffs' counsel had informally provided Defendant's counsel materials earlier has no decisional consequence here. *Nothing* in support of either the Plaintiffs' prevailing party status[3] or the amount of fees claimed had been made a part of the evidentiary record prior to the Plaintiffs' August 26 reply pleading. It was not the Defendant's responsibility to guess which, if any, of the materials informally furnished earlier might be relied on by the Plaintiffs in this case. Nor was it the Defendant's burden

---

[2] At pages 2-3, the Plaintiffs assert that the Defendant's August 17 opposition "did not include the mandatory accompanying statement of all material facts as to which defendant contends there exists a genuine issue necessary to be litigated." That statement, of course, ignores the content of the Defendant's pleading, where it was pointed out, among other things, that the Plaintiffs' statements 1-5 were so general and deficient that the Defendant was not able to address them. See Opposition, at 7. Moreover, none of the asserted "facts" was accompanied by "references to the parts of the record relied on to support the statement [of material facts]" because there was no such evidence in the record. LCvR 7(h). The Defendant did consider each of the seven "facts" in their opposition, and believes that the Plaintiffs fail to demonstrate as a matter of law that they are entitled to summary judgment—clearly, their statement of material facts does not support a granting of their motion. See id., at 6-7.

[3] Notably, the Plaintiffs have yet to file any HODs with this Court to establish their prevailing party status—none were included even their August 26 reply.

3

to itself come forward with what documents Plaintiffs' counsel had informally provided (assuming them to be the totality of what Plaintiffs deemed relevant), submit them for the record, assert that these were the basis for the Plaintiffs' case, and proceed to argue against them.

Items such as HODs or settlement agreements on which claims of prevailing party status are based, and invoices to justify fees claims, are necessary evidence in cases such as this, and have been submitted (and required to be submitted) in every such case for years. That this counsel believes he is not bound by such requirements is the height of presumption, and is wrong as a matter of long-settled law. And that he finds troubling the Defendant noting the obvious speaks more to counsel's proper embarrassment than it does to the propriety of the Defendant's pending request. If indeed it need be said, the Plaintiffs are not entitled to introduce evidence without the Defendant's being entitled to address that evidence. The Defendant here seeks no more.

One final matter warrants comment. At pages 6-7 of the Opposition, the Plaintiffs note their counsel's scheduling concerns, seeming to posit that matter as a reason to deny the pending motion. However, neither a grant of the pending motion, nor the Defendant's filing a response to the August 26 reply documents, requires Plaintiffs' counsel to do anything during the September 4 – November 7 period. If Plaintiffs' counsel desires to respond to the Defendant's comments on the invoices, he may – as he has in the Thomas case, supra – seek to file a surrebuttal (to which, had the undersigned been asked, the Defendant would have had no objection) at some subsequent point.

**CONCLUSION**

The Plaintiffs introduced new (the only) evidence in this case with their August 26 reply pleading. The Defendant's motion here simply requests the opportunity to respond to those now-record materials. The Opposition is patently meritless, and the motion should be granted.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General of the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        **/s/ Edward P. Taptich**
                                        EDWARD P. TAPTICH [#012914]
                                        Chief, Equity Section 2

                                        **/s/ Eden I. Miller**
                                        EDEN I. MILLER [#483802]
                                        Assistant Attorney General
                                        441 Fourth Street, N.W., Sixth Floor South
                                        Washington, D.C. 20001
                                        (202) 724-6614
                                        (202) 727-3625 (fax)
September 7, 2006                       Eden.Miller@dc.gov