**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DEBORAH CLARK, )<br>Parent and next friend of )<br>A.C., a minor, *et al.,* )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　v. 　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>DISTRICT OF COLUMBIA, )<br>A municipal corporation, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendant. )<br>　　　　　　　　　　　　　　　　　 ) | Civil Action No. 06-0439 (HHK) |

**DEFENDANT'S REPLY TO OPPOSITION TO ENLARGEMENT OF TIME**
**FOR RESPONSE TO PLAINTIFFS' NEW MATTERS**

　　　　The Defendant, by counsel, replies herewith to the Plaintiffs' September 16, 2006, oppositions to the Defendants' August 31 and September 14, 2006, motions for enlargement of time.

　　　　In its August 31 motion, the Defendant pointed out that the Plaintiffs had appended hundreds of pages of attorneys' fees invoices to their August 26, 2006, reply pleading – new evidence that had not been presented in their initial motion for summary judgment. A filing date of September 18, to permit the Defendant to prepare and file its response to this new evidence, was requested. By an amended motion filed September 14, the Defendant requested an additional three days – to September 21.

　　　　In their September 16, 2006, oppositions, the Plaintiffs essentially object to permitting any Defendant response to the new materials appended to the Plaintiffs'

August 26 pleading, much less a grant to the Defendant of any time to do so.[1]  In support of their oppositions, the Plaintiffs offer a host of complaints concerning the prior course of this proceeding, the briefing schedule and the fact that the Plaintiffs earlier had informally furnished the Defendant certain invoice materials.  Most remarkably, the Plaintiffs contend that, if the Defendant had any issues with invoice materials in its possession, *the Defendant had the burden* of presenting to the Court those materials, and any related arguments, in the Defendant's earlier opposition to the Plaintiffs' summary judgment motion.

The Plaintiffs' hyperbole and bluster are misguided, and their opposition is indefensible.  There is no question that the Plaintiffs' motion for summary judgment is now based, at least in part, on evidence introduced for the first time as attachments to the Plaintiffs' August 26 reply pleading.  (If it were not, familiar, overwhelming precedent would require a summary denial of the Plaintiffs' motion.)  That the Defendant is entitled to be heard on the significance of that new evidence cannot reasonably be denied.  That a grant of less than thirty days to respond to hundreds of pages of new evidence is reasonable is equally evident.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General of the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    **/s/ Edward P. Taptich**
    EDWARD P. TAPTICH [#012914]
    Chief, Equity Section 2

---

[1] It should be noted that the September 16 opposition to the Defendant's August 31 motion is untimely, and that motion may be treated as conceded.  LCvR 7(b).

2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

September 20, 2006