IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AC, ET AL.                          )
                                    )
        Plaintiffs                  )
                                    )
        v.                          )  CA NO. 1:06-CV-439-HHK
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
        Defendant                   )

SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT

This sur-reply is plaintiffs' response to defendant's submittal titled by defendant as "Defendant's Response to Plaintiffs' Newly Submitted Evidence", filed September 21, 2006, as Document Number 21.

I.    INADVERTENTLY OMITTED INVOICE AND TIMESHEET for MR

It appears that defendant is correct that the invoice and timesheets for MR were inadvertently omitted from plaintiffs' August 26, 2006 submittal of timesheets for all plaintiffs. Those documents are attached hereto as Attachment One.

However, defendant cannot claim surprise or lack of knowledge about this student, for defendant failed to disclose to the Court that defendant has made a partial payment of $7217.50 on the very invoice and timesheets that defendant now asserts are not compensable. Further, defendant knows that the invoice, a completed Application for Payment of Attorney Fees and Costs Pursuant to the Individuals with Disabilities Education Act, and the two HODs were all submitted to defendant on March 2, 2005.

1

Defendant also knows that this plaintiff submitted a follow-up letter about this invoice on January 23, 2006.

Further, Attachment One to plaintiffs' First Amended Complaint included the student's name, the hearing dates for the two HODs, the hours, and total amount and costs claimed. Also Attachment One to plaintiffs' Motion for Summary Judgment included the student's name, the hearing dates for the two HODs, the hours, total amount and costs claimed, and a credit for the partial DCPS payment of $7217.50.

Those inadvertently omitted documents are attached hereto as Exhibit One.

## II.  ARGUMENT

### A.  DEFENDANT'S DISPUTE SHEETS CONCEDE THAT PLAINTIFFS WERE PREVAILING PARTIES

Defendant's own Dispute Sheets are in themselves conclusive evidence that defendant concedes the plaintiffs were the prevailing parties in each of these cases. They are an acknowledgement of defendant's own recognition that attorney's fees are owed as to each of these plaintiffs. Further, they are conclusive evidence that defendant has long had in its possession and has reviewed each and every HOD on which the invoices herein are based.

Further, the Dispute Sheets and defendant's "Summary Chart of the Defendant's Dispute Sheets for Each Plaintiff", conclusively concede defendant's liability. According to those documents defendant does not dispute and conclusively concedes that, based on those very HODs, all plaintiffs are entitled to

2

recover.  Among all the objections contained therein, defendant
does not object and by inference concedes that plaintiffs
prevailed.  The documents further concede that even defendant
acknowledges plaintiffs are entitled to recover, albeit at a bare
minimum $177,789.00.

Thus, defendant's claim that plaintiffs have not established
that they were the prevailing parties is now moot by virtue of
those same documents, defendant's admissions against interest,
and the only reasonable inferences that can be drawn therefrom.
With those facts established, the remaining issues are the hourly
rate and the number of hours compensable.

B.  THE AWARD REQUESTED IS REASONABLE

The documentation already submitted shows that the award
requested by plaintiffs is reasonable.  The decisions in numerous
other IDEA cases in which this counsel was the attorney for other
plaintiffs against this same defendant, discussed infra, lend
additional support to plaintiffs' request.  As already noted,
unlike plaintiffs, the defendant has not met its burden to go
forward with a showing of specific contrary evidence that a
lesser award is appropriate.  Covington v. District of Columbia,
57 F.3d 1101, 1107 (D.C. Cir. 1995); Watkins v. Vance, 328
F.Supp.2d 27, 31 (D.D.C. 2004).  Rather, defendant has simply
adopted what another court stated  were "blunderbuss attacks on
plaintiffs' claimed hours . . ." Bailey v. District of
Columbia, 839 F.Supp. 888, 891, footnote 3, (D.D.C. 1993).

1.  The Laffey Matrix is Applicable

3

Defendant goes to great lengths to discredit use of the
Laffey Matrix. Defendant made a similar assertion that the
Laffey Matrix should not apply in Nesbit v. D.C., (D.D.C.
November 4, 2003), CA No. 01-2429, at page 1. There the court
gave the assertion no credence. The court stated that it "sees
no reason to create an exception to use of the Laffey Matrix."
Id., at page 1.

Other case law supports reliance on the Laffey Matrix.
Those cases include: Covington v. D.C., supra, at 1109; Abraham,
v. D.C., 338 F.Supp.2d 113, 123-124 (D.D.C. 2004); Allen v. D.C.,
(D.D.C. January 26, 2001), CA No. 00-591(RCL), at pages 7-8;
Gaskins v. D.C., (D.D.C. June 4, 2001), CA No. 00-592(RCL), at
pages 7-8; Jones v. D.C., (D.D.C. June 4, 2001), CA No. 00-
593(RCL), at pages 7-8; McDowell v. D.C., (D.D.C. June 4, 2001),
CA No. 00-594(RCL), at pages 7-8.

Further, current prevailing market rates are applicable.
Smith v. Roher, 954 F.Supp. 359, 364, 364-365 (D.D.C. 1997).
Thus, that means that the applicable Laffey Matrix is the one
most current. According to the copy of the Laffey Matrix
submitted to the Court by defendants, the most current prevailing
rate issued by the United States Attorney's Office for the
District of Columbia, establishes $425.00 as the current
prevailing market hourly rate in the District of Columbia for an
attorney with 20 plus years of experience for the years 2006-
2007. Defendant's own document undercuts the defendant's
argument.

Defendant asserts, without independent objective evidence,

4

that IDEA administrative litigation is not complex.  Other than a self-serving declaration by DCPS's own employee, defendant has not shown the Court the basis for that assertion.  Defendant has not shown that anyone from the Office of the Attorney General has ever litigated, ever attended or ever participated in any such administrative proceeding, or the preparation for such proceeding.  Except as just noted, defendant has provided no affidavit from anyone on this matter, whether from its own Office of Attorney General or from any other attorney specializing in the practice of special education to support its assertion that IDEA administrative litigation is not complex.  Such broad unsupported assertions have been found unpersuasive.  Bailey v. District of Columbia, supra, at page 891, footnote 3.  Further

> [A]dministrative fees are directly related
> to the litigation.  Without the administrative
> proceedings, there can be no legal proceedings.

See also Allen v. D.C., supra, at page 13; Jones v. D.C., supra, at page 13; McDowell v. D.C., supra, at page 13.

## 2.  Plaintiffs' Hours and Hourly Rate are Reasonable

Defendant failed to inform the Court that nearly two years ago this counsel was credited in another case with 19 years of relevant experience.  Abraham v. D.C., 338 F.Supp.2d 113, 123-124 (D.D.C. 2004.  Further, the Court there noted this counsel's then nearly 40 years of experience as an attorney, along with other qualifications.  Id, at pages 123-124.  Surely, it is reasonable to infer with two additional years of experience as a special education attorney, even under Abraham standards, this counsel has now attained more than twenty years of relevant experience.

5

Defendant by inference attacks the fact that this counsel is a sole practitioner, and uses that to justify its challenge to a full recovery of attorney's fees. That attack was specifically met and rejected by the court in another of this counsel's cases in this jurisdiction, Bailey v. D.C., supra, at page 891.

3.   Public Information from Other Cases Shows the
     Reasonableness of Plaintiffs' Request

Defendant cites the seniority of other attorneys to refute plaintiffs' claim for fees. However, the most senior of those attorneys were admitted to the Bar in 1975, eleven years after this counsel's 1964 admission. Further, by defendant's own admission, one of those less senior attorneys was awarded $375.00. Defendant makes no disclosure as to that attorney's number of years in special education litigation practice.

Defendant makes reference to and attaches an August 8, 2006 letter from DCPS to this counsel, apparently drafted months after this litigation was filed. That letter purports to set this counsel's hourly rate at $300.00. However, this counsel knew of no such letter, and had never seen such a letter until August 25, 2006, when it was received as an attachment to defendant's most pleading in another attorney's fees case, in which defendant is challenging this counsel's fees. See, Thomas v. D.C., CA No. 03-1791(CKK) (Document No. 28). The date of that letter suggests it was drafted for the purpose of litigation. Similar letters to other attorneys purporting to set fees were also appended by defendant, and suffer the same infirmity.

Those letters prove nothing. They are notable only as

defendant's unilateral self-help effort to arbitrarily and artificially establish a purported prevailing market rate for the District of Columbia by defendant's fiat. But, if the defendant can, as said by someone in another context, "stroke of a pen, law of the land, that's powerful," then the defendant has arrogated to itself an unprecedented role. Under that concept, if the defendant is empowered to unilaterally set this counsel's hourly rate at $300.00, then what is to restrain defendant from setting this counsel's hourly rate at $275.00, $200.00, $100.00, $50.00 or any other figure solely determined by defendant? Defendant's self-help creation of a document purporting to determine the prevailing market rate must fail on its own incongruity. Such power is reserved by the statute to the court, and only to the court.

Further, as already noted, in Abraham v. D.C., at pages 123-124, the court noted this counsel's qualifications. Thus, plaintiffs have clearly made the necessary showing of qualifications as a matter of public record, well known to defendant, of which plaintiffs request the Court take judicial notice.

Defendant purports to rely on public information to set this counsel's fees. But defendant did not disclose to the Court the fees awarded to this counsel in this jurisdiction by courts in IDEA cases in judicial proceedings against this same defendant. The following lists what this counsel believes to be all of this counsel's twenty-eight judicial IDEA cases brought against this defendant in this jurisdiction. To the extent that it can be

determined, it discloses the fee issue disposition as to each case. It should also be noted, however, as is well-known to defendant, that this counsel had numerous IDEA administrative cases against DCPS in which the relief sought was obtained and attorney's fees were paid by DCPS. Those cases do not appear here, since it was not necessary to file judicial proceedings there.

ATTORNEY'S FEES AWARDED TO THIS COUNSEL IN PRIOR
JUDICIAL CASES IN THIS JURISDICTION

Abraham, v. D.C.
338 F.Supp.2d 113 (D.D.C. 2004)
(D.D.C. September 30, 2004)
CA No. 01-0027(RMC)
134 plaintiffs each with separate claims
**Hourly Rate:** Court determined $345.00 (subject
plaintiffs' supporting subsequent declaration - case
settled without parties' determining an hourly rate
**Result:** Consent judgment for attorney's fees
for plaintiffs

Adams v. D.C.
(D.D.C. August 30, 2005)
CA No. 03-02139(AK)
58 plaintiffs each with separate claims
**Hourly Rate:** Not determined
**Result:** Consent judgment for attorney's fees
for plaintiffs

Allen v. D.C.
(D.D.C. January 26, 2001)
CA No. 00-591-RCL)
**Hourly Rate:** $335.00
**Result:** Judgment for attorney's fees
for plaintiffs

Anthony v. D.C.
(D.D.C. October 23, 2003)
CA No. 97-0326(DAR)
**Hourly Rate:** Apparently $280.00
**Result:** Judgment for attorney's fees
for plaintiffs

Bailey v. D.C.
839 F.Supp. 888, 891 (D.D.C. December 13, 1993)
20 IDELR 1185

14 plaintiffs each with separate claims
CA No. 93-0403(RCL)
**Hourly Rate:**  13% @ $150.00; 87% @$200.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Bradley v. D.C.
(D.D.C. October 9, 2001)
CA No. 99-3188(HHK/AK)
**Hourly Rate:**   $250.00/280.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Brantley v. D.C.
(D.C.Cir. 1994) No. 92-7136
(D.D.C. July 19, 1994/August 31, 1994)
CA No. 91-1742(TFL/GAG)
**Hourly Rate:**  $150.00/$200.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Daniels v. D.C.
(D.D.C. November 28, 1995)
CA No. 95-1863(SS)
12 plaintiffs (plus three non-plaintiffs - each
with separate claims)
**Hourly Rate:**  Apparently $280.00
**Result:**  Judgment for attorney's fees
for plaintiffs

D.C.v Felder
(D.C. Superior Court February 23, 2006),
CA No. 02-10010 (Judge Alprin)
**Hourly Rate:**  Not determined
**Result:**  Consent judgment for attorney's fees
for minor defendant disabled student

Dorsett v. D.C.
(D.D.C. September 13, 2000)
CA No. 00-00212(LFO)
**Hourly Rate:** $280.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Drake v. D.C.
(D.C. Superior Court, July 25, 1994)
CA No. 93-CA-02372
**Hourly Rate:**  See below
**Result:**  Settled and dismissed in conjunction with
Brantley v. D.C. - attorney's fees for plaintiffs

Gaskins v. D.C.
(D.D.C. June 4, 2001)
CA No. 00-592(RCL)

**Hourly Rate:**  $335.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Gregory Gray v. D.C.
(D.D.C. December 9, 2004)
CA No. 02-0058(RJL)
**Hourly Rate:**  Not determined
**Result:**  Consent Agreement for underlying relief
on merits for plaintiff - counsel waived attorney's
fees to obtain merits relief for minor disabled
student plaintiff

Paris Gray v. D.C.
(D.D.C. October 27, 1998)
CA No. 96-1976(GK)
**Hourly Rate:**  $200/$250.00
**Result:**  Consent judgment for attorney's fees
for plaintiffs

Isaac v. D.C.
(D.D.C. August 31, 2001)
CA No. 00-122(HHK)
**Hourly Rate:**  $250.00/$280.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Jenkins v. D.C.
(D.D.C. December 12, 2005)
CA No. 02-01055(HHK)
**Hourly Rate:**  N/A
**Result:**  Judgment for defendant - no attorney's
fees awarded

Johnson v. D.C.
(D.D.C. June 4, 2002)
CA No. 01-0518(EGS)
190 F.Supp.2d 34, (D.D.C. 2002)
**Hourly Rate:**  N/A
**Result:**  Plaintiffs dismissed after defeating a
Buckhannon motion - Attorney's fees waived prior to
dismissal

Jones v. D.C.
(D.D.C. June 4, 2001)
CA No. 00-593(RCL)
**Hourly Rate:**  $335.00
**Result:**  Judgment for attorney's fees
for plaintiffs

Leach v. D.C.
(D.D.C. November 16, 1995)
CA No. 95-01318(RMU)
9 plaintiffs each with separate claims

**Hourly Rate:** $200.00
**Result:** Judgment for attorney's fees
for plaintiffs

Lewis v. D.C.
(D.D.C. February 28, 1997)
CA No. 95-1119
**Hourly Rate:** N/A
**Result:** Judgment for defendant - no attorney's
fees awarded

Lewis v. D.C.
(D.D.C. February 9, 1994)
CA No. 93-2219(JHG)
8 plaintiffs each with separate claims
**Hourly Rate:** Apparently $200.00
**Result:** Dismissed after settlement with
attorney's fees for plaintiff

Lyons v. D.C.
(D.D.C. March 19, 2003)
CA No. 02-1344(JDB)
**Hourly Rate:** N/A
**Result:** Judgment for defendant - no attorney's
fees awarded

McDowell v. D.C.
(D.D.C. June 4, 2001)
CA No. 00-594(RCL)
**Hourly Rate:** $335.00
**Result:** Judgment for attorney's fees
for plaintiffs

Nesbit v. D.C.
(D.D.C. November 4, 2003)
CA No. 01-2429
**Hourly Rate:** $361.00
**Result:** Judgment for attorney's fees
for plaintiffs

Shaw v. D.C.
(D.D.C. November 22, 2002)
CA No. 01-2642(RBW)
**Hourly Rate:** N/A
**Result:** Judgment for defendant - no attorney's
fees awarded

Walton v. D.C.
(D.D.C. February 21, 1997)
CA No. 95-2008(HHG)
3 plaintiffs each with separate claims
**Hourly Rate:** N/A
**Result:** Judgment for defendant after plaintiffs
as catalyst obtained underlying relief sought as

result of plaintiffs' efforts - no attorney's fees
awarded

Wingfield v. D.C.
(D.D.C. April 13, 2001)
CA No. 00-121(JHG)
**Hourly Rate:** $280.00/$335.00
**Result:** Judgment for attorney's fees
for plaintiffs

Wood v. D.C.
(D.D.C. July 21, 1997)
CA No. 97-149(HHG)
**Hourly Rate:** Not determined
**Result:** Settled and dismissed - attorney's fees
for plaintiffs

A matrix of the foregoing cases in which an hourly rate was
judicially determined (not including non-judicial cases) shows as
follows:

| Year | Hourly Rate Approved | Cases |
|------|----------------------|-------|
| 1993 | $150.00/$200.00 | 1 (14 plaintiffs) |
| 1994 | $150.00/$200.00 | 1 |
|      | $200.00 | 1 (8 plaintiffs) |
| 1995 | $200.00 | 1 (9 plaintiffs) |
|      | $280.00 | 1 (12 plaintiffs) |
| 1998 | $200/$250.00 | 1 |
| 2000 | $280.00 | 1 |
| 2001 | $250.00/280.00 | 2 |
|      | $280.00/$335.00 | 1 |
|      | $335.00 | 4 |
| 2003 | $280.00 | 1 |
|      | $361.00 | 1 |
| 2004 | $345.00 | 1 (134 plaintiffs) |

Unlike defendant's self-serving letters, the foregoing is
judicially noticeable evidence of actual court determinations of

the prevailing current market rates in the District of Columbia for work performed by this counsel. Plaintiffs request the Court to take that judicial notice. A side-by-side comparison with the Laffey Matrix supports the requested hourly rate. It should also be noted that defendant delayed for more than five months before responding to plaintiffs' pending motion. Defendant could have avoided the June 1, 2006/May 31, 2007 Laffey Matrix increase had defendant simply timely responded to the motion. Now we are well into the 2006-2007 Laffey Matrix year. The additional delay caused by the defendant well justifies applying the current Laffey rate.

     C.  PLAINTIFFS HAVE DEMONSTRATED THE REASONABLENESS OF THE HOURS EXPENDED

1. Billing Judgment Has been Exercised

This counsel has exercised billing judgment. When this counsel performs a task that has taken more time than this counsel considers reasonable to bill, those hours are excluded when the time entries are made. Thus, those excess hours simply never appear in the time records. That exclusion occurs at the time the work was performed, when knowledge is immediate, not after the fact at a more distant time. Further, when this counsel's hand-written time entries are reduced to typed form, further exclusion is done if any entry appears excessive.

No time charge or entry is made for uncompleted phone calls. The charge made for phone calls includes (although not made as a separate entry), preparation for the phone call, logging the call, and then drafting notes memorializing the substance of the

conversation from that call.  Were time entries made for each as
a separate item, the costs would be greater.  Further, any type
of work generally considered clerical is simply excluded and
never entered.

2.  Quarter-Hour Billing in this Case is Appropriate

It has been this counsel's long established practice to make
time entries in quarter-hour segments.  Over the past many years
quarter-hour entry timesheets have been submitted to DCPS without
objection.  A review of DCPS's own records, plaintiffs' records,
and the court records in many of the foregoing cases, confirms
that fact.  Had defendant put this counsel on notice of such an
objection, the matter could have been resolved before plaintiffs
made their time entries.  It is not appropriate for defendant to
raise such an objection for the first time at this stage of the
proceedings, when there is no reasonable curative measure
available to plaintiffs.

In fact, a review of the August 25, 2006 disclosure of the
August 8, 2006 letter from DCPS to this counsel states nothing
whatsoever about any objection to quarter-hour billing.  Thus, it
can be reasonably inferred that this objection is put forward
solely for litigation purposes, not as an actual DCPS agency
established every-day policy or practice.  Otherwise, DCPS's
supposedly all-inclusive letter would have put this counsel and
others on notice of that policy.

3.  Plaintiffs Fee Request Contains Appropriate Charges

Plaintiffs' timesheets show the date, the amount of time,

14

the event, and an explanation of that event where appropriate.
Based on all of that information, both the Court and defendants
can make an informed determination as to whether the services
were efficient, whether they were devoted to necessary subjects,
and whether they were not excessive in the amount of hours logged
on the case.

Defendant's assertion has already been dealt with in this
jurisdiction, in <u>Bailey v. D.C.</u>, supra, at page 891.

a.  File Review is Compensable

File review charges are compensable.  Charges therefor have
been specifically recognized and approved in other cases before
this bench for undersigned.  <u>See</u>, <u>Allen v. D.C.</u>, supra, at page
13; <u>Gaskins v. D.C.</u>, at page 12; <u>Jones v. D.C.</u>, at page 12;
<u>McDowell v. D.C.</u>, at page 13; <u>Bradley v. D.C.</u>, supra, at page 16
(showing only a 10% reduction of the amount claimed).  In fact,

> Bi-weekly reviews . . . evidence diligent
> legal representation, not unreasonable or
> excessive use of time . . .  <u>Dorsett v. D.C.</u>,
> supra, at page 6, citing <u>Whatley v. D.C.</u>,
> No. 98 Civ 2961 (D.D.C. August 7, 2000).

b.  Plaintiffs' Charges are for Legal Work

Defendant characterizes numerous tasks as clerical and not
compensable.  However, the <u>Bailey</u> court has noted a number of
tasks, and stated:

> Perhaps they are jobs that could have been
> performed more cheaply by a less experienced
> lawyer who commands a lower billing rate.
> Yet attorneys like plaintiffs' counsel,
> operating either as solo practitioners or
> in small firms, often lack the resources to
> retain a large staff of junior lawyers who

15

                could handle such tasks more economically.
                Denying plaintiffs' compensation for these
                tasks would unfairly punish plaintiffs and
                their counsel for not staffing this case
                as if they had the manpower of a major law
                firm.

Bailey v. D.C., supra, at 891.

c.   Plaintiffs' Request for Fees is Reasonable

        The courts have recognized that litigating with the District

of Columbia presents special challenges.  Dorsett v. D.C., supra,

at page 6.  Thus, what might be considered excessive in other

litigation cannot be considered excessive when litigating against

the District.  Further, defendant has presented nothing, other

than bare assertions, to establish that the fees are excessive.

Defendant has presented no evidence by way of its own affidavit

or affidavits from other special education attorneys showing that

the charges are excessive.

        Defendant has presented no evidence to show that defendant's

counsel is conversant, familiar, experienced or knowledgeable

about IDEA administrative proceedings litigation.  As already

noted, the defendant must show specific, not generalized,

contrary evidence.  Covington v. District of Columbia, supra, at

page 1107; Watkins v. Vance, supra, at page 31.  That defendant

has not done.  Defendant's bare assertions are not enough.

d.   Plaintiffs' Time Entries are Clear and Precise

        Plaintiffs timesheets are sufficiently detailed and justify

an award for all of the hours incurred in this case.  They show

the date, amount of charge, task, name of person communicated

with, where relevant, and the subject matter of the

                                      16

communication.  What more can be expected?  Certainly, in compiling timesheets plaintiffs are not required to provide so much detail that it infringes on the attorney-client privilege, or discloses current or future trial tactics, or work product.

Once again, defendant has presented nothing, other than bare assertions, to establish that plaintiffs' timesheets are deficient.  Again, defendant presented no evidence by way of its own affidavit or affidavits from other special education attorneys showing that the charges are excessive.

e.  Plaintiffs' Time Charges Timely Relate to the Event

Defendant's assertion that some time charges are remote in time is baseless.  DCPS's delay and/or failure to timely or appropriately implement HODs is a matter of judicial record, well-known by the judges of this bench.  It is unconscionable for the defendant to now assert that plaintiffs should be faulted and that the Court is to deny a fee award based on the defendant's own wrong-doing in delay.

f.  Travel Time is Compensable

Notwithstanding defendant assertion to the contrary, travel time and costs are compensable.  See Leach v. D.C., C.A. No. 95-01318(RMU), (D.D.C. November 16, 1995), at page 2.

g.  The IEP Meetings Timesheet Entries are Appropriate

In compiling the invoices plaintiffs' counsel was mindful of the circumstances under which IEP meetings were compensable.  By defendant's own admission plaintiffs' invoices specifically

17

request DCPS to "delete any time entries for IEP meetings not
ordered as the result of a settlement agreement or hearing
officer's determination."  That language was inserted for the
specific purpose of inviting DCPS's close scrutiny to double
check plaintiffs' counsel to determine that the time was
compensable.  Such language in and of itself belies defendant's
assertion that "[t]he hope, it might be speculated, was that DCPS
would not catch all inappropriate [IEP] charges."  Far from
defendant's urging an impermissible speculation to impune this
counsel's state of mind, the only reasonable inference to be
drawn therefrom is plaintiffs' good faith and extra effort to
alert DCPS to double check this counsel's own efforts to delete
non-compensable hours.

     Plaintiffs contend that any IEP meetings billed were ordered
by HOD.  That then placed the burden on the defendant to go
forward to show that the billing is inappropriate.  DCPS, as a
adversary participant in the administrative hearings, received
each HOD from DCPS's own Student Hearing Office.  Further, those
HODs were attached to the invoices submitted by plaintiffs long
ago to DCPS.  With that evidence long in its own possession, as
shown by defendant's own Dispute Sheets, the defendant has the
duty to show the Court that any particular charge for a specific
IEP meeting is not compensable, because an IEP meeting was not
ordered by HOD.

     The following lists the HODs on which plaintiffs' invoices
were based.  For consistency and ease of comparison with
defendant's Dispute Sheets, each student is identified by the

18

initials used by defendant in the Dispute Sheets.  Following this
counsel's long-standing practice, never before questioned by
DCPS, the HODs are identified by date of hearing rather than date
of issue.  Each HOD in which an IEP meeting was ordered is noted
with a "Yes".  Those students' names marked with an (*) note

| | | |
|---|---|---|
| *CJ | June 3, 2004 | Yes |
| *ML | August 2, 2005 | Yes |
| | March 30, 2004 | Yes |
| | November 3, 2003 | Yes |
| *PN | September 13/October 13/November 15/ December 16, 2004 | Yes |
| MR | November 20, 2003 | Yes |
| | June 16, 2003 HOD | Yes |
| *CS | April 2, 2004 | Yes |
| *TS | April 2, 2004 | Yes |
| TT | August 4, 2005 | |
| *RW | March 22, 2004 | |
| | August 28, 2003 | Yes |
| | July 9, 2003 | Vague but implied |
| MW | April 7, 2005 | Yes |
| | September 17, 2004 | Yes |
| | March 23, 2004 | Yes |
| JW | March 23, 2005 | |
| SW | March 23, 2005 | |
| *KW | August 17, 2004 | Yes |

## III.   FEE CAP

Plaintiffs concur in defendant's assertion that this Court may make a full and complete fee award, unimpeded by the Congressional fee cap.  Further, plaintiffs do not here dispute that the fee cap places an upper limit on the District's current ability to pay fee awards.

## IV.   CONCLUSION

For all the foregoing reasons, plaintiffs renew their request that the Court grant their motion as stated.  The timesheet for the additional time incurred herein is attached as

Exhibit II.

Respectfully submitted;

/s/_____
Ronald L. Drake
D.C. Bar No. 338392
Attorney at Law
5 P Street, S.W.
Washington, D.C. 20024
(202) 682-0223

Counsel for Plaintiffs

EXHIBIT I

**RONALD L. DRAKE**
ATTORNEY AT LAW
5 P Street, S.W.
Washington, D.C. 20024
Phone (202) 682-0223
Fax  (202) 554-3313

January 23, 2006

Ms. Erika L. Pierson, Esquire
DCPS Legal Counsel
D.C. Public Schools
9th Floor
825 North Capitol Street, N.E.
Washington, D.C. 20002

        RE:  Student:  Michelle L. Robinson
             D/O/B:    June 3, 1991
             HOD(s):   November 20, 2003
                       June 16, 2003
                       December 17, 1998

Dear Ms. Pierson;

        On March 2, 2005, I submitted my bill in the foregoing
matter.  My current hourly rate has now increased to $405.00.
Accordingly, the amount now due in this matter is as follows:

                                    @ $405.00
        November 20, 2003 HOD  70.25 Hours  $28451.25
        June 16, 2003 HOD      11.5  Hours  $ 4657.50
                                    Costs   $ 139.00

        I request that we schedule a meeting on this and other bills
as soon as possible.  Please advise as to your availability.

                              Very truly yours,

                              Ronald L. Drake

**RONALD L. DRAKE**

ATTORNEY AT LAW

5 P Street, S.W.

Washington, D.C. 20024

Phone (202) 682-0223

Fax   (202) 554-3313

March 2, 2005

STATEMENT

TO:  Ms. Erika L. Pierson, Esquire
     Supervisory Attorney Advisor
     D.C. Public Schools
     9th Floor
     825 North Capitol Street, N.E.
     Washington, D.C. 20002

     RE:  Student:   Michelle L. Robinson
          D/O/B:     June 3, 1991
          HOD(s):    November 20, 2003
                     June 16, 2003
                     December 17, 1998

---

                                        @ $390.00

November 20, 2003 HOD   70.25 Hours   $27397.50

June 16, 2003 HOD       11.5  Hours   $ 4485.00

                              Costs   $ 139.00

     Plaintiffs' counsel requests DCPS to delete any time entries for IEP meetings not ordered as the result of a settlement agreement or hearing officer's determination.

Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
June 16, 2003 HOD


| 2-15-01 | .25 | Phone call with Greg Davis<br>Re:  Child not progressing |
| 1-23-03 | .25 | Phone call with parent<br>Re:  Child's issues |
| 1-24-03 | .25 | Phone call with parent<br>Re:  Child's need for re-eval |
| 1-26-03 | .25 | Bi-weekly case status review |
| 2- 3-03 | .25 | Phone call with parent<br>Re:  Schedule for meeting at Whittier |
| 2- 4-03 | .75 | Reading/analyzing docs received from Whittier |
| 2- 9-03 | .25 | Bi-weekly case status review |
| 2-23-03 | .25 | Bi-weekly case status review |
| 3- 3-03 | .25 | Phone call with parent<br>Re:  Child acting out |
| 3- 9-03 | .25 | Bi-weekly case status review |
| 3-13-03 | .25 | Reading/calendaring DCPS notice of intent to eval |
| 3-17-03 | .25 | Phone call with parent<br>Re:  Child at Riverside |
| 3-23-03 | .25 | Bi-weekly case status review |
| 4- 6-03 | .25 | Bi-weekly case status review |
| 4-20-03 | .25 | Bi-weekly case status review |
| 4-29-03 | .25 | Phone call with Ronnie Watkins at Whittier<br>Re:  MDT notes |
| 5- 1-03 | .25 | Drafting letter to parent<br>Re:  Notice of meeting |
| 5- 1-03 | .25 | Phone call with Ms. Watkins<br>Re:  Changed IEP meeting date |
| 5- 2-03 | .25 | Phone call with parent<br>Re:  Schedule for IEP |
| 5- 4-03 | .25 | Bi-weekly case status review |
| 5- 5-03 | .25 | Phone call with parent<br>Re:  IEP meeting date |
| 5- 9-03 | 1. | Reading/analyzing additional evals  from DCPS |
| 5-14-03 | .25 | Phone call with principal at Whittier<br>Re:  Need for docs |
| 5-16-03 | 2.5 | Reading/analyzing new IEP/BLMDTNotes/PNOP |
| 5-22-03 | .25 | Phone call with Ms. Watkins<br>Re:  IEP date |
| 6-26-03 | .75 | Phone call with parent<br>Re:  Need for residential at Riverside |

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
June 16, 2003 HOD


6-29-03    .25  Phone call with parent
                Re:  Child at Riverside
7- 7-03    .25  Phone call with parent
                Re:  Status at Riverside
7- 8-03    .25  Phone call with parent
                Re:  ESY
7-14-03    .25  Phone call with parent
                Re:  Riverside release date

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD

| | | |
|---|---|---|
| 7-18-03 | .5 | Document review to determine need and/or basis for/to send to High Road |
| 7-18-03 | .25 | Drafting letter to High Road Re:  Foregoing document(s) |
| 5- 9-03 | .5 | Document review to determine need and grounds for filing hearing request |
| *5- 9-01 | .75 | Drafting hearing request |
| *5- 9-01 | .5 | Document review to determine witnesses and select documents for witness/document list |
| *5- 9-01 | .75 | Drafting witness/document list |
| *5- 9-01 | .5 | Document review to determine need and grounds for in limine motion |
| *5- 9-01 | .25 | Drafting in limine motion |
| *5- 9-01 | .5 | Document review to determine need and grounds for motion to bar or for other relief |
| *5- 9-01 | .25 | Drafting motion to bar or for other relief |
| *5- 9-01 | .5 | Document review to determine need and grounds for filing motion to compel DCPS personnel as witnesses |
| *5- 9-01 | .25 | Drafting request to compel DCPS personnel as witnesses |
| *5- 9-01 | .5 | Document review to determine need and grounds for filing stay-put demand |
| *5- 9-01 | .25 | Completing DCPS Student Hearing Office hearing/mediation form |
| *5- 9-01 | .25 | Drafting letter to SHO Re:  Scheduling hearing |
| 5-19-03 | .25 | Bi-weekly case status review |
| 5-19-03 | .25 | Reading/analyzing SHO proposed hearing dates |
| 5-27-03 | .25 | Reading/calendaring SHO notice of hearing date |
| 5-27-03 | .25 | Drafting letter to parent Re:  Notice of hearing |
| 5-27-03 | 1.75 | Assembling hearing notebook |
| 5-29-03 | 3. | Preparation for hearing |
| 6- 1-03 | .25 | Bi-weekly case status review |
| 6- 4-03 | 3.5 | Preparation for hearing |
| 6- 9-03 | .5 | Document review to determine need/basis to supplement wit/doc list |
| 6- 9-03 | .25 | Reading/analyzing DCPS's 5 days disclosure |
| 6-12-03 | .25 | Phone call with Ronnie Watkins Re:  Revisions to IEP |

*These entries should show 2003, not 2001

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD


| | | |
|---|---|---|
| 6-15-03 | .25 | Phone call with parent<br>Re:  Preparation for hearing |
| 6-15-03 | 1.75 | Preparation for hearing |
| 6-15-03 | .25 | Bi-weekly case status review |
| 6-16-03 | 2.5 | Hearing/transit/waiting |
| 6-16-03 | .25 | Post-hearing review of hearing notes |
| 6-16-03 | .25 | Drafting letter to parent<br>Re:  Results of hearing |
| 6-16-03 | .5 | Reading/analyzing 6-12-03 MDT Notes<br>and initial placement |
| 6-29-03 | .25 | Bi-weekly case status review |
| 7-11-03 | .5 | Reading/analyzing HOD |
| 7-13-03 | .25 | Bi-weekly case status review |
| 7-14-03 | .25 | Drafting letter to parent<br>Re:  Foregoing HOD |
| 7-24-03 | .25 | Phone call with parent<br>Re:  7-16-03 PNOP |
| 7-24-03 | .25 | Reading/analyzing 7-16-03 PNOP |
| 7-24-03 | .25 | Drafting letter to parent<br>Re:  Foregoing document(s) |
| 7-25-03 | .25 | Drafting letter to Elva Gloster<br>Re:  Foregoing document(s) |
| 7-27-03 | .25 | Bi-weekly case status review |
| 7-28-03 | .25 | Phone call with F. Smith, SES<br>Re:  Status |
| 7-30-03 | .25 | Phone call with parent<br>Re:  Appointment at High Road |
| 8- 8-03 | .25 | Phone call with parent<br>Re:  Status |
| 8- 8-03 | .25 | Phone call with parent<br>Re:  Effort to conduct IE<br>Re:  Parent's intent to obtain IE |
| 8- 8-03 | .25 | Drafting letter to DCPS<br>Re:  Intent to do IE |
| 8- 6-03 | .25 | Reading/analyzing High Road<br>Re:  Acceptance |
| 8- 8-03 | .25 | Drafting letter to parent<br>Re:  Foregoing document(s) |
| 8-10-03 | .25 | Bi-weekly case status review |
| 8-24-03 | .25 | Bi-weekly case status review |

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD


| | | |
|---|---|---|
| 8-27-03 | .25 | Phone call with parent<br>Re:  Placement |
| 8-26-03 | .25 | Phone call with parent<br>Re:  Docs from DCPS |
| 8-27-03 | 1.75 | Reading/analyzing 7-16-03 IEP/PNOP/Notes/evals |
| 8-29-03 | .25 | Phone call with Brenda Jones at Hillcrest<br>Children's Center<br>Re:  Status |
| 9- 2-03 | .25 | Phone call with parent and Ms. Jackson<br>Re:  Placement |
| 9- 5-03 | .25 | Phone call with D.C. Tutors for Kids<br>Re:  IE |
| 9- 7-03 | .25 | Bi-weekly case status review |
| 9-15-03 | .25 | Phone call with parent<br>Re:  Child's expulsion |
| 9-16-03 | .75 | Reading/analyzing 9-16-03 clinical eval |
| 9-16-03 | .25 | Drafting letter to Ms. Gloster and Ms. Smith<br>Re:  Evals and request for IEP meeting |
| 9-16-03 | .25 | Phone call with parent<br>Re:  Clinical |
| 9-16-03 | .25 | Phone call with Dr. Olarinde<br>Re:  Evals |
| 9-21-03 | .25 | Bi-weekly case status review |
| 10- 5-03 | .25 | Bi-weekly case status review |
| 10- 8-03 | .25 | Phone call with parent<br>Re:  Child at Riverside |
| 10-11-03 | .25 | Drafting letter to High Road<br>Re:  Acceptance |
| 10-11-03 | .5 | Document review to determine need and<br>grounds for filing hearing request |
| 10-11-03 | .75 | Drafting hearing request |
| 10-11-03 | .5 | Document review to determine witnesses<br>and select documents for witness/document<br>list |
| 10-11-03 | .75 | Drafting witness/document list |
| 10-11-03 | .5 | Document review to determine need and grounds<br>for in limine motion |
| 10-11-03 | .25 | Drafting in limine motion |
| 10-11-03 | .5 | Document review to determine need and grounds<br>for motion to bar or for other relief |
| 10-11-03 | .25 | Drafting motion to bar or for other relief |

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD


| | | |
|---|---|---|
| 10-11-03 | .5 | Document review to determine need and grounds for filing motion to compel DCPS personnel as witnesses |
| 10-11-03 | .25 | Drafting request to compel DCPS personnel as witnesses |
| 10-11-03 | .5 | Document review to determine need and grounds for filing stay-put demand |
| 10-11-03 | .25 | Drafting stay-put demand |
| 10-11-03 | .25 | Completing DCPS Student Hearing Office hearing/mediation form |
| 10-11-03 | .25 | Drafting letter to SHO<br>Re:  Scheduling hearing |
| 10-13-03 | .25 | Phone call with Ms. Georgia Vergos at HighRoad<br>Re:  Acceptance |
| 10-19-03 | .25 | Bi-weekly case status review |
| 10-28-03 | .25 | Reading/analyzing 10-23-03 SETs report |
| 10-28-03 | .25 | Phone call with Ms. Vergos<br>Re:  Admission |
| 10-20-03 | .25 | Reading/calendaring SHO notice of hearing date |
| 10-20-03 | .25 | Drafting letter to parent<br>Re:  Notice of hearing |
| 10-20-03 | 1.75 | Assembling hearing notebook |
| 10-20-03 | 3. | Preparation for hearing |
| 11- 2-03 | .25 | Bi-weekly case status review |
| 11-11-03 | 3.5 | Preparation for hearing |
| 11-13-03 | .5 | Reading/analyzing DCPS's 5 days disclosure with exhibits |
| 11-13-03 | .5 | Document review to determine need/basis to supplement wit/doc list |
| 11-13-03 | .25 | Drafting supplemental witness/document list |
| 11-16-03 | .25 | Bi-weekly case status review |
| 11-17-03 | .25 | Drafting letter to parent<br>Re:  Reminder notice of hearing |
| 11-19-03 | .25 | Phone call with parent<br>Re:  Issues for hearing |
| 11-19-03 | .5 | Phone call with Mr. Weeks<br>Re:  Preparation for hearing |
| 11-19-03 | 1.75 | Preparation for hearing |
| 11-20-03 | 2.75 | Hearing/transit/waiting |
| 11-20-03 | .25 | Post-hearing review of hearing notes |
| 11-20-03 | .25 | Drafting letter to parent<br>Re:  Results of hearing |

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD


| | | |
|---|---|---|
| 11-24-03 | .25 | Phone call with parent<br>Re:  Need for discharge summary |
| 11-24-03 | .25 | Drafting letter to SHO<br>Re:  Holding record of hearing open |
| 11-26-03 | .25 | Phone call with parent<br>Re:  Discharge summary |
| 11-26-03 | .25 | Phone call with Karen Herbert, Esquire<br>Re:  Discharge summary |
| 11-26-03 | .25 | Conference with parent in home/transit<br>Re:  Discharge summary |
| 11-26-03 | .25 | Reading/analyzing 10-6-03 discharge summary |
| 11-26-03 | .25 | Reading/analyzing 10- 6-03 discharge summary |
| 11-26-03 | .25 | Phone call with SHO<br>Re:  Required doc to complete open record |
| 11-26-03 | .25 | Drafting letter to SHO<br>Re:  Foregoing document(s) |
| 11-30-03 | .25 | Bi-weekly case status review |
| 12- 5-03 | .25 | Phone call with David Clark at High Road<br>Re:  Status |
| 12- 5-03 | .25 | Phone call with parent<br>Re:  Child acting out |
| 12-14-03 | .25 | Bi-weekly case status review |
| 12-28-03 | .25 | Bi-weekly case status review |
| 1- 7-04 | .25 | Phone call with Rose Gill at SHO<br>Re:  Status of HOD |
| 1- 8-04 | .25 | Phone call with parent<br>Re:  Child at Riverside |
| 1-11-04 | .25 | Bi-weekly case status review |
| 1-20-04 | .25 | Phone call with Rose Gill<br>Re:  Need to re-fax discharge summary |
| 1-25-04 | .25 | Bi-weekly case status review |
| 1-28-04 | .75 | Reading/analyzing 11-20-03 HOD just received |
| 1-29-04 | .5 | Drafting letter to parent<br>Re:  Foregoing HOD |
| 2- 3-04 | .25 | Drafting letter to Mr. Weeks at High Road<br>Re:  Foregoing HOD |
| 2- 3-04 | .25 | Phone call with parent<br>Re:  Child at Riverside |
| 2- 3-04 | .25 | Phone call with Dean Weeks<br>Re:  Status |
| 2- 8-04 | .25 | Bi-weekly case status review |
| 2-17-04 | .25 | Phone call with David Clark at High Road<br>Re:  Status |

Timesheets
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991
November 20, 2003 HOD


| 2-22-04 | .25 | Bi-weekly case status review |
| 3- 7-04 | .25 | Bi-weekly case status review |
| 3-21-04 | .25 | Bi-weekly case status review |
| 4- 4-04 | .25 | Bi-weekly case status review |
| 4-19-04 | .25 | Bi-weekly case status review |
| 5- 4-04 | .25 | Bi-weekly case status review |
| 5-16-04 | .25 | Bi-weekly case status review |
| 5-30-04 | .25 | Bi-weekly case status review |
| 6-13-04 | .25 | Bi-weekly case status review |
| 6-27-04 | .25 | Bi-weekly case status review |
| 7- 8-04 | .25 | Drafting letter to parent |
|         |     | Re:  Status |
| 7-10-04 | .25 | Bi-weekly case status review |
| 7-12-04 | .25 | Phone call with parent |
|         |     | Re:  Status |
| 7-14-04 | .25 | Bi-weekly case status review |
| 7-30-04 | .25 | Phone call with David Clark |
|         |     | Re:  Status |
| 8- 9-04 | .25 | Bi-weekly case status review |
| 8-22-04 | .25 | Bi-weekly case status review |
| 9- 5-04 | .25 | Bi-weekly case status review |
| 9-19-04 | .25 | Bi-weekly case status review |
| 10- 3-04 | .25 | Bi-weekly case status review |
| 10-17-04 | .25 | Bi-weekly case status review |
| 10-31-04 | .25 | Bi-weekly case status review |
| 11-14-04 | .25 | Bi-weekly case status review |
| 12- 8-04 | .25 | Phone call with Georgia Vergos at High Road |
|         |     | Re:  Status |
| 12-12-04 | .25 | Bi-weekly case status review |
| 1- 9-05 | .25 | Bi-weekly case status review |
| 1-23-05 | .25 | Bi-weekly case status review |
| 2- 6-05 | .25 | Bi-weekly case status review |
| 2-16-05 | .25 | Drafting letter to parent |
|         |     | Re:  Status |
| 2-26-05 | .25 | Drafting letter to parent |
|         |     | Re:  Intent to close file if no response |
| 2-21-05 | .25 | Bi-weekly case status review |
| 3- 1-05 | .25 | Phone call with parent |
|         |     | Re:  Closing file |
| 2- 2-05 | 1. | Assembling timesheets and bill |

<u>Timesheets</u>
Student:  Michelle L. Robinson
D/O/B:  June 3, 1991


<u>Costs and Expenses</u>

| Date | Amount | Item |
|------|--------|------|
| 6-14-03 | 3.00 | Mileage to SHO for hearing |
| 6-14-03 | 14.00 | Parking at SHO for hearing |
| 6-14-03 | 20.00 | Cab fare for parent to attend hearing |
| 6-14-03 | 3.00 | Mileage to SHO for hearing |
| 11-20-03 | 14.00 | Parking at SHO for hearing |
| 6-14-03 | 20.00 | Cab fare for parent to attend hearing |
| 2001-2005 | 40.00 | Copying (miscellaneous) |
| 2001-2005 | 25.00 | Postage (miscellaneous) |


                                              **  Total:  $ 00.00

** Total should read $139.00

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS**
**PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

1.  **Attorney Information**

    Law Firm:                Ronald L. Drake Law Office
    Attorney:                Ronald L. Drake, Esquire
    Federal Tax ID No.:  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
    D.C. Bar No.:            338392

2.  **Student Information**

    RE:  Student:                 Michelle L. Robinson
         D/O/B:                   June 3, 1991
         SSN:                     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
         Parent:                  Ms. Helen Louise Brandon
         Address:                 6316 8th Street, N.W.
                                  Washington, D.C. 20011
         Phone No.:               (202) 291-4443 (home)
         Neighborhood School:     McFarland Middle School
         Current Placement:       High Road School
                                  (interim placement)
         Grade Level:             7th (9-03)
         Retention(s):            None
         Disability:              ED
         Program Level:           100%
         Form 6 Requested:        February 1, 1998
         Form 6:                  April 3, 1998
         Consent to Test:         February 4, 2003
         IEP:                     May 9, 2003
         NOPP:                    July 16, 2003
         NOI:                     January 25, 1999 (reviewed
                                  5-17-99; 10- 6-99)
         DCPS Attorney:           Ms. Herbert
         Prior Hearing(s):        November 20, 2003
                                  June 16, 2003
                                  December 17, 1998
         SA(s):

3.  **Invoice Information**

    Invoice Number:              No number assigned
    Date Request Submitted:      March 2, 2005
    Date Services Rendered:      2-15-01 to 3- 1-05
    Amount of Payment Request:   $ See attached timesheet

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;

The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;

The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;

No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any of the monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

I understand that the making a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code, Sec. 22-2405.

Date:  March 2, 2005

_____
Ronald L. Drake, Esquire
Signature

**EXHIBIT II**

**SECOND SUPPLEMENTAL TIMESHEETS**
**JUDICIAL PROCEEDINGS**
**AC v. DC**

| Date | Hours | Item |
|------|-------|------|
| 8-28-06 | .25 | Phone call with D's counsel Re:  Request for consent to file sur-opposition |
| 8-28-06 | .25 | Reviewing/drafting fax to D's counsel Re:  Proposed settlement |
| 8-31-06 | .25 | Reading/analyzing D's motion for extension of time |
| 8-31-06 | 2. | Drafting/revising/editing plaintiffs' opposition to extension of time |
| 9- 7-06 | .25 | Reading/analyzing D's reply to opposition |
| 9-14-06 | .25 | Phone call with D's counsel Re:  D's request for extension of time |
| 9-16-06 | .25 | Reading/analyzing D's amended motion for extension |
| 9-16-06 | .25 | Drafting opposition to D's amended motion |
| 9-22-06 | .25 | Reading/analyzing D's reply in support of amended motion |
| 9-22-06 | 2.5 | Reading/analyzing D's further opposition to plaintiffs' motion |
| 9-23-06 | 2.5 | Drafting sur-reply in support of motion for summary judgment |

Total Hours:  9 x $425.00 per hour

ADDITIONAL BALANCE DUE FOR JUDICIAL PROCEEDING:  $3825.00