ATTACHMENT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBORAH CLARK,<br>Parent and next friend of<br>A.C., a minor, *et al.,*<br><br>    Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-0439 (HHK) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS'
## SEPTEMBER 25, 2006 SUR-REPLY

Defendant respectfully submits the following, in response to the new information and argument contained in Plaintiffs' Sur-Reply in Support of Plaintiffs' Motion for Summary Judgment, filed September 25, 2006 ("Plaintiffs' Sur-Reply"):

1. At Exhibit I, pages 21-33 of their Sur-Reply, Plaintiffs for the first time submit billing records for M.R. As with all of the other Plaintiffs, Plaintiff M.R. did not submit the two subject Hearing Officer's Decisions on which her claim for attorneys' fees and costs are based, and thus, cannot establish prevailing party status pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEIA"). See Defendant's September 21, 2006, Response to Plaintiffs' Newly Submitted Evidence ("Defendant's Response"), at 6-8, incorporated herein by reference. Further, Plaintiff M.R., like the other Plaintiffs, fails to demonstrate the reasonableness of her counsel's rate. See Defendant's Response, at 10-23.

2.  Plaintiff M.R. has failed to demonstrate the reasonableness of many of her specific charges.  See Defendant's Exhibit A hereto, M.R. Dispute Sheet, for detailed objections; see also Defendant's Response, at 24-30, for the legal bases of those objections.[1]

3.  As an attachment to the Defendant's Response, the Defendant submitted Exhibit 2, a tabular summary of the individual claim objections in Exhibit 1, which collects by category the reductions the Defendant believes must be made to the Plaintiffs' claims.  The Defendant has revised this Exhibit to include the Defendant's objections to M.R.'s invoice, attached hereto as Exhibit B.

4.  At page 31 of the Defendant's Response, the Defendant indicated what reductions it believed this Court should make to the Plaintiffs' overall fee request, based on Exhibits 1 and 2.  Because the amount of requested reduction has changed due to the M.R. objections, the Defendant revises its request for an overall fee reduction as follows (see Defendant's Exhibits A-B hereto):

    Section III, A:[2] Settlement Agreement, M.J.          24.00 hours, $ 10,200.00
    Section III, D, 2: Bi-Weekly Reviews                  195.25 hours, $ 82,981.25
    Section III, D, 3: Clerical Charges                   151.00 hours, $ 64,175.00
    Section III, D, 4: Remote in Time                     612.50 hours, $260,312.50
    Section III, D, 5: Vague Charges                      310.00 hours, $131,750.00
    Section III, D, 6: Block Billing Travel Charges       121.00 hours, $ 51,425.00
    Section III, D, 7: IEP Charges                        111.50 hours, $ 47,387.50

---

[1] Exhibit 1 of Defendant's Response was a student-by-student breakdown of Plaintiffs' invoices and the Defendant's objections to specific charges.  In that Exhibit, Defendant addressed the lack of documentation for M.R. at page 46.  Now that M.R. has submitted her payment documentation, the Defendant replaces that with its substantive objections at Exhibit A hereto.
[2] The section cites refer to the Defendant's Response.

This reduced fees award amount should be further reduced to reflect a more appropriate hourly billing rate of $300.00.

Further, reductions in costs should be made as follows:

| | |
|---|---|
| Section III, A: Settlement Agreement, M.J. | $ 43.00 |
| Section III, B, 1: No Expert Costs, C.G. | $150.00 |

The Plaintiffs seek a total of $2,264.00 in costs. This amount should be reduced by $193.00, for a new total of $2,071.00.

5. Despite the Plaintiffs' assertions to the contrary (Plaintiffs' Sur-Reply, at 2-3), Defendant has not conceded that the Plaintiffs are prevailing parties. As Defendant demonstrated in its Response, the Plaintiffs carry the burden of establishing prevailing party status in Court. Defendant's Response, 6-8.[3] Defendant's objections to the reasonableness of certain charges were made in the event that this Court deems the Plaintiffs prevailing parties.

6. Defendant draws the Court's attention to the District of Columbia Public Schools ("DCPS") Guidelines for the payment of attorney fees in IDEIA matters, issued on October 1, 2006, by the DCPS Office of the Superintendent, including a specific schedule of hourly rates. A copy of the aforementioned Guidelines is attached for the Court's convenience as Exhibit C. This document is further

---

[3] Plaintiffs make reference to DCPS Dispute Sheets, which are not in the record, and thus not before this Court. To clarify, once a student has submitted an invoice for attorneys' fees and costs to DCPS, the DCPS Office of the General Counsel will respond with a dispute sheet that identifies how much payment, if any, DCPS will pay. While Defendant District of Columbia may defer to DCPS' assessment of a disputed invoice, it can, and in this case did, do its own independent review of each of the Plaintiffs' invoices.

support for Defendant's argument at pages 10-24 of its Response, that the Laffey

rate is inappropriate for IDEIA representation.


7.  Defendant also notes that a case dealing with the same issues and claims as the

present matter and involving the same attorney is currently pending in this

jurisdiction—<u>Thomas v. District of Columbia</u>, Civ. No. 03-1791 (CKK).


8.  Plaintiffs' counsel alleges that he did not receive the August 8, 2006, DCPS letter

to him about his fee rate.  Plaintiffs' Sur-Reply, at 6.  Defendant refers the Court

to the attached facsimile transmittal confirmation, dated August 8, 2006,

indicating that DCPS faxed, and Mr. Drake's law office received, the letter on

August 8, 2006.  Defendant's Exhibit D hereto.


9.  In Plaintiffs' Sur-Reply, Plaintiffs' counsel has again supplemented his fee

request for work on the present case.  Plaintiffs' Sur-Reply, Exhibit II, at 34.  As

explained in the Defendant's Response, such a submission by the Plaintiffs is

premature and Defendant will address those fee requests at the conclusion of this

case.  Defendant's Response, at 4-5.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

October 24, 2006

EXHIBIT A

**M.R. (Plaintiffs' Sur-Reply at 21-34)**

## A) HOD INFORMATION

6/16/03 HOD
11/20/03 HOD

## B) ATTORNEY FEE INFORMATION

**Explanation of Fee Request:**

**June 16, 2003 HOD**

| | |
|---|---|
| Original Fee Request: 4/2/05 | $390.00 per hr. ($4,485.50) |
| Costs | $139.00 |
| Fee Paid by DCPS: | $3,217.50 |
| Costs Paid by DCPS: | $---- |
| First revised request 1/23/06 | $405.00 ($4,657.50) |
| Revised Request: 8/3/06 | $425.00 per hr. ($4,887.50) |

**November 20, 2003 HOD**

| | |
|---|---|
| Original Fee Request: 4/2/05 | $390.00 per hr. ($27,397.50) |
| Costs | $---- |
| Fee Paid by DCPS: | $4,000.00 |
| Costs Paid by DCPS: | $---- |
| First revised request 1/23/06 | $405.00 ($28,451.25) |
| Revised Request: 8/3/06 | $425.00 per hr. ($29,856.25) |

## C) EXPLANATION OF DISPUTED ENTRIES:

1. **Approval of revised hourly rate is improper.**

Mr. Drake increased his hourly rate in this matter from $390.00 to $405.00 to $425.00. Even assuming the Laffey Matrix applies, the hourly rate in dispute should be $390.00, the rate at the time of services.

Amount of reduction: $ 2,860.75

2. **Objection: Entries are too remote in time and are unrelated to the hearing.**

**June 16, 2003 HOD**

Mr. Drake's time period of services in relation to the HOD is not contested here.

**November 20, 2003 HOD**

Mr. Drake bills for services in this matter from May 9, 2003 through February 2, 2005. The services incurred prior to October 10, 2004, and after November 26, 2004 are far too remote in time from the HOD to be reasonable, and should be deducted.

Amount of reduction: (25 hrs @ 425.00): $ 10,625.00

**3.      Objection: "Bi-Weekly Case Reviews" are unexplained and unjustified.**

Fifty two .25 entries are shown as follows:

| | | | | |
|---------|----------|----------|----------|----------|
| 1/26/03 | 2/9/03   | 2/23/03  | 3/9/03   | 3/23/03  |
| 4/6/03  | 4/20/03  | 5/4/03   | 5/19/03  | 6/1/03   |
| 6/15/03 | 6/29/03  | 7/13/03  | 7/27/03  | 8/10/03  |
| 8/24/03 | 9/7/03   | 9/21/03  | 10/5/03  | 10/19/03 |
| 11/2/03 | 11/16/03 | 11/30/03 | 12/14/03 | 12/28/03 |
| 1/11/04 | 1/25/04  | 2/8/04   | 2/22/04  | 3/7/04   |
| 3/21/04 | 4/4/04   | 4/19/04  | 5/4/04   | 5/16/04  |
| 5/30/04 | 6/13/04  | 6/27/04  | 7/10/04  | 7/14/04  |
| 8/9/04  | 8/22/04  | 9/5/04   | 9/19/04  | 10/3/04  |
| 10/17/04| 10/31/04 | 11/14/04 | 1/9/05   | 1/23/05  |
| 2/6/05  | 3/21/05  |          |          |          |

Amount of reduction (13 hrs @ $425): $ 5,525.00

**4.      Objection: Clerical and non-professional services are not compensable.**

3/13/03 Reading/calendaring .25 hrs
5/27/03 Reading/calendaring .25 hrs
5/27/03 Assembling hearing notebook 1.75 hrs
10/20/03 Reading/calendaring .25 hrs
10/20/03 Assembling hearing notebook 1.75 hrs
2/2/05  Assembling timesheets and bill 1.0 hrs

Amount of reduction (5.25 hrs @ $425): $ 2,231.25

**5.      Objection: Entries for travel time and waiting are not compensable.**

6/16/03  Hearing transit and waiting 2.5 hrs
11/20/03  Hearing transit and waiting 2.75 hrs

Amount of reduction (5.25 hrs @ $425): $ 2,231.25

**6**.    **Objection: Entries are vague and lack specificity.**

5/29/03 Preparation for hearing 3.0
6/4/03 Preparation for hearing 3.5
6/15/03 Preparation for hearing 1.75
10/20/03 Preparation for hearing 3.0
11/11/03 Preparation for hearing 3.5
11/19/03 Preparation for hearing 1.75

Amount of reduction (16.5 hrs @ $425): $ 7,021.50

EXHIBIT B

# UPDATED SUMMARY CHART OF THE DEFENDANT'S DISPUTE SHEETS FOR EACH PLAINTIFF, DATED 10/24/06

| Student | Ps' Fees | Ps' Hours | Ps' Costs | Bi-Weeklies | Clerical and Non-Professional Services | Remote in Time or Unrelated to Hearing | Vague and Lacks Specificity | Traveling and Waiting | Other | IEP Meetings and Preparation |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. T.B. | 21356.25 | 50.25 | 58 | 7.75 | 3.5 | 21 | 9.25 | 3.75 | 0 | 0 |
| 2. J.B. | 2868.75 | 6.75 | 18 | 0 | 0 | 6.75 | 0 | 0 | 0 | 0 |
| 3. C.B. | 15406.25 | 36.25 | 45 | 1 | 2.5 | 0 | 8.25 | 3 | 0 | 0 |
| 4. J.B.M. | 2975 | 7 | 20 | 0 | 0 | 7 | 0 | 0 | 0 | 0 |
| 5. A.C. | 50893.75 | 119.75 | 151 | 10 | 7.5 | 3.75 | 18.25 | 8.5 | 0 | 10.5 |
| 6. J.D. | 24968.75 | 58.75 | 68 | 5.25 | 4.75 | 0 | 4.75 | 3 | 0 | 0 |
| 7. M.E. | 56631.25 | 133.25 | 151 | 17.25 | 7 | 84 | 19 | 9 | 0 | 0 |
| 8. C.G. | 63006.25 | 148.25 | 308 | 12 | 10.75 | 100.75 | 21.5 | 11 | 0 | 16.25 |
| 9. R.G. | 27412.5 | 64.5 | 65 | 10.5 | 6 | 35 | 8.25 | 1.5 | 0 | 3.5 |
| 10. J.I. | 29856.25 | 70.25 | 40 | 20.75 | 4.75 | 44 | 14.75 | 0 | 0 | 2.25 |
| 11. A.I. | 53125 | 125 | 156 | 12 | 10.25 | 0 | 28.5 | 14 | 0 | 0 |
| 12. N.J. | 32831.25 | 77.25 | 81 | 9.75 | 7.5 | 30 | 8.25 | 2 | 0 | 2.75 |
| 13. K.J. | 12856.25 | 30.25 | 38 | 6.75 | 4 | 30.25 | 0 | 0 | 0 | 9.5 |
| 14. M.J.* | 24225 | 57 | 64 | 2.5 | 8 | 33 | 3 | 0 | 24 | 14.75 |
| 15. C.J. | 22843.75 | 53.75 | 70 | 2.75 | 5.75 | 13.75 | 8.25 | 2.75 | 0 | 5.75 |
| 16. M.L. | 60881.25 | 143.25 | 157 | 14.25 | 12.75 | 43.25 | 25.5 | 7.75 | 0 | 14.5 |
| 17. P.N. | 55143.75 | 129.75 | 129 | 12.5 | 9.5 | 70 | 23.25 | 15.75 | 0 | 3.75 |
| 18. M.R. | 34743.75 | 81.75 | 139 | 13 | 5.25 | 25 | 16.5 | 5.25 | 0 | 0 |
| 19. C.S. | 18168.75 | 42.75 | 71 | 1.25 | 5.25 | 0 | 8.25 | 3.75 | 0 | 3.75 |
| 20. T.S. | 17956.25 | 42.25 | 41 | 14.25 | 3 | 0 | 0.75 | 2.75 | 0 | 4.5 |
| 21. T.T. | 23587.5 | 55.5 | 20 | 4 | 2.5 | 0 | 9.5 | 1.25 | 0 | 0 |
| 22. R.W. | 46218.75 | 108.75 | 111 | 5.25 | 8.5 | 17.75 | 24.75 | 8.25 | 0 | 7.25 |
| 23. M.W. | 93925 | 221 | 171 | 7.75 | 11.75 | 34.25 | 24.75 | 9.75 | 0 | 8 |
| 24. J.W. | 8925 | 21 | 15 | 0.75 | 2.75 | 0 | 8.25 | 3.5 | 0 | 0 |
| 25. S.W. | 10731.25 | 25.25 | 30 | 0.75 | 2.75 | 0 | 8.25 | 1.75 | 0 | 0 |
| 26. K.W.** | 19337.5 | 45.5 | 47 | 3.25 | 4.75 | 13 | 8.25 | 2.75 | 0 | 4.5 |
| **Totals** | **$830,875** | **1955 hours** | **$2,264** | **195.25** | **151** | **612.5** | **310** | **121** | **24** | **111.5** |
| | | | | **$82,981.25** | **$64,175.00** | **$260,312.50** | **$131,750.00** | **$51,425.00** | **$10,200.00** | **$47,387.50** |

*The 24 hours in the "Other" column for M.J. are for work on a settlement agreement and are not compensable.

**Ps' Motion appears to mistakenly list the costs for K.W. as $684.50; however, the invoice lists the cost at $47.

The DCPS records indicate that the remaining $637.50 is expert/advocate fees. DCPS paid the total amount.

EXHIBIT C



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000, fax: 202-442-5097
www.k12.dc.us

October 1, 2006

TO:             MEMBERS OF THE SPECIAL EDUCATION BAR

FROM:        Abbey G. Hairston
                 General Counsel

RE:             DCPS GUIDELINES FOR THE PAYMENT OF ATTORNEY FEES IN IDEA MATTERS

The following are the DCPS guidelines for the payment of attorney and expert fees in IDEA matters. These guidelines will supersede those issued on February 1, 2005. These guidelines apply to any invoices received on or after October 1, 2006.

1.      **Submission of Attorney Fee Invoices – What to Submit**

    a)      **Copy of Final HOD or fully executed settlement agreement that establishes the parent as a prevailing party.**

    b)      **Itemized Invoiced for each Final HOD or SA**. A separate itemized invoice must be submitted for each Final HOD or SA. Please do not submit multiple HODs with a single combined invoice or it will be returned to you for resubmission.

    *For example, if you have a Final HOD dated 1/4/04 and another Final HOD for the same student dated 2/15/04 you cannot submit one invoice that covers both HODs.*

    Please assign your invoice an **invoice number** for easier tracking.

    c)      **Certification.** All requests for payment submitted to DCPS must include a fully completed, executed copy of the attached certification form in order to be processed. The certification must be signed by attorney submitting the invoice. Note: The current certification form includes information required for processing ie. Hearing Request Filing Date and therefore use of outdated forms is not acceptable. **Please discard all outdated forms and use only the attached Certification Form.**

2.      **Guidelines for Invoices**
    Please comply with the following guidelines in preparing your invoices. Failure to comply with these guidelines will result in delay in processing your invoices and may result in the invoices either being returned to you for further information or denied:

    a)      Individual attorney, paralegal, and administrative staff's hourly rates must be included.

b)  If you invoice for attendance at an MDT/IEP meeting, the attached HOD or SA must authorize that invoiced meeting.  If not, the invoiced time WILL BE DENIED.

c)  Only one lawyer for each party shall be compensated for client and third party conferences.

d)  Only one lawyer for each party shall be compensated for attending due process hearings.  If, however, a junior lawyer is present at trial primarily for the purpose of organizing documents but takes a minor witness for educational purposes, consideration should be given to billing her time at a paralegal's rate.

e)  Generally, only one lawyer is to be compensated for intra-office conferences.  If during such a conference one lawyer is seeking the advice of another lawyer, the time may be charges at the rate of the more senior lawyer.

f)  Each entry must include <u>a specific description of the services performed</u>, the time increment, in 1/10 hour increments, hourly rate and total amount billed for that entry.  While exhaustive detail or privileged information of the attorney involved is not required, billing entries should provide a reasonable level of information instead of simple repetition, for example:

| | | | | |
|---|---|---|---|---|
| Prepare and file hearing Request | .50 | [Attorney/Paraleagal Name] | $200/hr | $100.00 |
| Legal Research on issue of Stay Put | 1 | [Attorney/Paraleagal Name] | $200/hr | $200.00 |

g)  The following are *examples* of descriptions that lack specificity to evaluate the reasonableness of services, the relationship to the administrative adjudication, and the hours expended on a given matter, and therefore may be denied:

"Review of Correspondence"
"Research"
"Conference with Client"
"Hearing Preparation"
"Bi-weekly case review"
"Preparation of brief"
"Review of File"

h)  Your invoice must provide a total number of hours, in 1/10 hour increments, and amount owed for each person for whom you are billing *(this can be done at the end of the invoice, or a separate cover letter)*.  For example:

| | | | |
|---|---|---|---|
| Attorney XYZ | 5.10hrs | $200/hr | $1,020.00 |
| Attorney ABC | 2.0hrs | $200/hr | $  400.00 |
| Paralegal DEF | 2.0hrs | $100/hr | $  200.00 |
| Advocate GHI | 4.0hrs | $100/hr | $  400.00 |
| **Total Attorney Fees** | | | **$2,020.00** |

i)  **Filing of Hearing Request Date.**
Your invoice and Attorney Fee Certification Form should include the date on which you filed the hearing request whether included in the HOD or not. All submissions not including the filing date

will have fees considered only prior to 30 days of the Date of the Hearing Officers Determination. All other fees will be considered remote.

j)     **Out-of-pocket expenses and costs.**
When billing for expenses such as photocopies, provide a statement of the basis for the rate billed (e.g. per-page cost for photocopies).  Failure to include the "per-page cost" may result in reduction or denial of those out-of-pocket expenses and costs.

3.    **Where to Submit Invoices**

a)     For the most expeditious processing, invoices can be submitted electronically, via email to:

**OGCATTORNEYFEE@k12.dc.us**

You may electronically submit invoices, signed certification and supporting documents in the following formats: MS Excel, ACCESS or PDF.

b)     Invoices and the accompanying documents can also be mailed or delivered to:

**District of Columbia Public Schools**
**Office of the General Counsel**
**ATTN: Attorney Fee Processing**
**825 North Capitol St., N.E. 9th Floor**
**Washington, D.C. 20002**

4.    **Hourly Rate.** DCPS will pay an attorney's <u>reasonable</u> hourly rate, taking into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the <u>complexity of the issues raised in the case</u>.  DCPS will use the following Guidelines in determining the reasonableness of the lawyer's and paralegal's hourly rate:

**Guidelines regarding hourly rates.**
a.  Lawyers admitted to the bar for less than five years:  $135-170
b.  Lawyers admitted to the bar for five to eight years: $150-225
c.  Lawyers admitted to the bar for more than eight years:  $200-275
d.  Paralegals and law clerks:  $90

Please complete and return the attached, **Attorney Information Sheet** to assure you are credited with an appropriate hourly rate. (You should update the Attorney Information Sheet annually).  Each attorney invoice must include the hourly rate for the attorney and for any other staff member for whom you are billing.

5.    **Reasonable Costs.** DCPS will pay reasonable attorney "costs" as enumerated in 28 U.S.C. § 1920:

**Out-of-Pocket Expenses.**  DCPS will reimburse an attorney's out-of pocket expenses that are incidental and necessary expenses incurred in furnishing effective and competent representation and those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.   These expenses must be ***reasonable and well-documented***:

a)     Photo-copying
b)     Messenger/Express Mail

c)     Transportation costs and parking for hearings
d)     Postage
e)     Long Distance Telephone calls
Note:  DCPS will not pay travel time to and from meetings, hearings and/or schools.

6.     **Reasonable Attorney Fees.** The IDEA provides that DCPS pay reasonable attorney fees and costs. Invoices must be sufficiently detailed to permit an independent determination whether or not the hours claimed are justified. DCPS will pay reasonable time increments for services related to the practice of law, such as:

a)     Preparing or drafting legal opinions;
b)     Appearing or acting as an attorney before a hearing officer;
c)     Preparation of claims, demands, or other written documents containing legal argument;
d)     Proving legal advice and counsel to a client related to the underlying administrative action.
e)      Fees billed 30 days prior to the hearing request date will be considered remote or unrealated.

**Non-Professional Services.** DCPS will not pay for services of a nonprofessional, non-legal nature at the applicable attorney hourly rate. Such services may be billed at a lower paralegal or legal assistant rate. *Examples* of nonprofessional services include, but are not limited to:

a)     Opening Files;
b)     Transmission of Documents;
c)     Assembly/preparation of bill;
d)     File Maintenance.

7.     **Payment of Expert Fees**

- **Consistent with recent judicial decisions in <u>Arlington Central School District Board of Education v. Murphy, et vir.(Supreme Court)</u> and <u>Goldring v. D.C.(D.C Cir.),</u> DCPS will <u>NOT</u> pay the costs incurred for expert services in connection with an administrative due process hearing complaint, where the parent is determined to be a prevailing party.**

8.     **Payment of Advocate Fees**

- Advocates who are hired for the purposes of providing testimony are reimbursable as out-of-pocket expenses of the attorney, subject to the fee cap where the parent is determined to be a prevailing party.

9.     **Timeline for Submission of Invoices**.

Pursuant to 5 DCMR §3024.1:
*All requests for attorney's fees by parents who have prevailed against DCPS in actions brought under the IDEA shall be submitted within forty-five (45) days of the issuance of the hearing decision in which the child, parent, or guardian prevailed or execution of a settlement agreement requiring the payment of such fees. Failure to do so may result in delayed processing. If an attorney incurs addition expenses pursuant to a Final HOD or SA, the attorney should submit a supplemental invoice for payment of the fees. If the attorney has been paid up to the statutory cap, no addition fee will be approved.*

DCPS will make reasonable efforts to process your invoice within **60 days** of receipt. If you do not receive an acknowledgment that your invoice has been processed within **90 days** of submission, you may consider your invoice as denied.

10. **Obtaining a Status on Pending Invoices**

- Please allow 60 days from submission of your invoices to receive payment or confirmation of processing.

- In order to find out the status of a pending invoice, please send and email to **OGCATTORNEYFEE@k12.dc.us.** Email is the preferred method of communication; you will receive a response within 48 hours. Please avoid calling the Office for a status; time spent on the phone detracts from time needed to process invoices.

- If you want to confirm that your invoice was received and you are unable to utilize email, please call the main number at (202) 442-5000 – the person answering the phone is able to access our attorney fee log and confirm receipt.

11. **Payment of Invoices**

- Once your invoices are approved for payment by OGC, you will receive by fax or email, a copy of the fee processing sheet and the dispute sheet, if applicable. This sheet will indicate the date your invoice was forwarded to Finance for payment.

- Once your approved invoice is sent to Budget and Finance for payment, please allow 2-3 weeks to receive the payment.

- If you do not receive a check at the end of three weeks, please call the Office of Budget and Finance for a status at 442-5330. The Office of General Counsel does not have access to the payment information.

- To avoid delays in payment, please make sure that an updated Form W9 has been filed with DCPS.

12. **Dispute of Denial of Payment**

- If you disagree with DCPS' denial of a charge on a specific invoice, you may request that DCPS reconsider its denial and provide additional supporting information within 30 days of receipt of the denial. For example, if a time entry charge was denied because an insufficient description was provided (see Section 2(c) above), you may submit an expanded description of the service provided and request payment. DCPS will provide a final agency response to your dispute within 20 days.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS



**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:
    Attorney:
    Federal Tax ID No:
    D.C. Bar No:

2.  **Student Information**
    Name:
    DOB:
    Date Hearing Request Filed:
    Date(s) of Hearing:
    Date of Determination (HOD/SA)
    Parent/Guardian Name:
    Parent/Guardian Address:

3.  **Invoice Information**
    Invoice Number:
    Date Request Submitted:
    Date(s) of Services Rendered:
    Attorney Hourly Rate:            $
    Total Attorney Fees:             $
    Total Attorney Costs:            $
    Total Experts:                   $
    Total Invoice:                   $

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

_____          _____
Signature                            Date

*Revised Nov: 2004*



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## SPECIAL EDUCATION ATTORNEY INFORMATION

Attorney Name          _____

Law Firm               _____
                       (please submit a separate form for each attorney
                        in firm)

Federal Tax ID+        _____

Billing Address        _____

                       _____

                       _____

Phone Number           _____

Fax Number             _____

Email                  _____

Bar Number             _____

State of Admission    _____    Year of Admission  _____

Years of Legal Practice in Special Education Law*    _____

*This information will be used in determining the reasonable hourly rate.  You may attach a resume with this form.
+The Tax ID number is necessary in order to receive any payments from DCPS.  Please mail or fax this form to the address/number listed above.  Please complete the form even if you have submitted one in the past so that we may update our records.

Received in OGC      /        /

*Revised Nov. 2004*



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## SPECIAL EDUCATION EXPERT INFORMATION

*This form is to be filled out by Experts who are requesting payment directly from DCPS for testimony in an administrative due process hearing where the parent was the prevailing party. Experts must also complete a Form W9 annually.*

Expert Name _____

Agency Name _____

Federal Tax ID+ _____

Billing Address _____

_____

_____

Phone Number _____

Fax Number _____

Email _____

Area of Expertise _____

_____

Relevant License Held/Year Issued _____ / _____

Name of Licensing Agency _____

Relevant Degree Held/Year Issued _____ / _____

Name of College/University
Issuing Degree _____

Years of Practice in Relevant Area _____

You may attach a resume with this form.  +The Tax ID number is necessary in order to receive any payments from DCPS.  Please mail or fax this form to the address/number listed above.  Please complete the form even if you have submitted one in the past so that we may update our records.

{Received in OGC _____ / _____

*Revised Nov. 2004*

| Form **W-9**<br>(Rev. January 2003)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give form to the<br>requester. Do not<br>send to the IRS. |
| --- | --- | --- |

**Print or type**
**See Specific Instructions on page 2.**

Name

Business name, if different from above

Check appropriate box: ☐ Individual/ Sole proprietor  ☐ Corporation  ☐ Partnership  ☐ Other ▶ ................    ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

**Note:** *If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.*

Social security number | | | | | | | | |

**or**

Employer identification number | | | | | | | |

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

| **Sign Here** | Signature of<br>U.S. person ▶ | Date ▶ |
| --- | --- | --- |

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

Cat. No. 10231X    Form **W-9** (Rev. 1-2003)

**Example.** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a **nonresident alien or a foreign entity** not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 30% of such payments (29% **after** December 31, 2003; 28% after December 31, 2005). This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will **not** be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester, or

2. You do not certify your TIN when required (see the Part II instructions on page 4 for details), or

3. The IRS tells the requester that you furnished an incorrect TIN, or

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate **Instructions for the Requester of Form W-9.**

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Name

If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your **individual** name as shown on your social security card on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** If you are a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Treasury regulations section 301.7701-3, **enter the owner's name on the "Name" line.** Enter the LLC's name on the "Business name" line.

**Other entities.** Enter your business name as shown on required Federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Note:** *You are requested to check the appropriate box for your status (individual/sole proprietor, corporation, etc.).*

## Exempt From Backup Withholding

If you are exempt, enter your name as described above and check the appropriate box for your status, then check the "Exempt from backup withholding" box in the line following the business name, sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note:** *If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.*

**Exempt payees.** Backup withholding is **not** required on any payments made to the following payees:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2);

2. The United States or any of its agencies or instrumentalities;

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities;

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities; or

5. An international organization or any of its agencies or instrumentalities.

Other payees that **may be exempt** from backup withholding include:

6. A corporation;

7. A foreign central bank of issue;

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States;

Form W-9 (Rev. 1-2003)                                                                      Page **3**

9. A futures commission merchant registered with the Commodity Futures Trading Commission;

**10.** A real estate investment trust;

**11.** An entity registered at all times during the tax year under the Investment Company Act of 1940;

**12.** A common trust fund operated by a bank under section 584(a);

**13.** A financial institution;

**14.** A middleman known in the investment community as a nominee or custodian; or

**15.** A trust exempt from tax under section 664 or described in section 4947.

The chart below shows types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, **1** through **15.**

| If the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through **13.** Also, a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker |
| Barter exchange transactions and patronage dividends | Exempt recipients 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt recipients 1 through 7 [2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation (including gross proceeds paid to an attorney under section 6045(f), even if the attorney is a corporation) and reportable on Form 1099-MISC are **not exempt** from backup withholding: medical and health care payments; attorneys' fees; and payments for services paid by a Federal executive agency.

## Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are **a resident alien** and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see **How to get a TIN** below.

If you are a **sole proprietor** and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-owner LLC that is disregarded as an entity separate from its owner (see **Limited liability company (LLC)** on page 2), enter your SSN (or EIN, if you have one). If the LLC is a corporation, partnership, etc., enter the entity's EIN.

**Note:** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get **Form SS-5,** Application for a Social Security Card, from your local Social Security Administration office or get this form on-line at **www.ssa.gov/online/ss5.html.** You may also get this form by calling 1-800-772-1213. Use **Form W-7,** Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or **Form SS-4,** Application for Employer Identification Number, to apply for an EIN. You can get Forms W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS Web Site at **www.irs.gov.**

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Writing "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 3, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). See **Exempt from backup withholding** on page 2.

**Signature requirements.** Complete the certification as indicated in **1** through **5** below.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA or Archer MSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
|    b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or single-owner LLC | The owner [3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Sole proprietorship or single-owner LLC | The owner [3] |
| 7. A valid trust, estate, or pension trust | Legal entity [4] |
| 8. Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10. Partnership or multi-member LLC | The partnership |
| 11. A broker or registered nominee | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show **your** individual name, but you may also enter your business or "DBA" name. You may use either your SSN or EIN (if you have one).

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** *If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.*

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or Archer MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, or to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 30% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

✪



## GOVERNMENT OF THE DISTRICT
## OF COLUMBIA

Page 1 of 2

| New Vendor [ ] CHECK | |
| New Payment/Address [ ] ONLY | |
| New Business Address [ ] ONE | |
| Deactivation [ ] | |

# SUPPLIER/VENDOR INFORMATION FORM

**Business Entity**

Attorney Y/N

Supplier/Vendor
Type: _____
(From Page 2)

Ownership Code: _____
(From Page 2)

1. As information appears in official records: (ALL FIELDS MUST BE COMPLETED)

1099 Y/N
see 1099 requirements

------------------------    ----------------------
Federal Taxpayer ID          Social Security Number

Corporate Name: _____
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____ Contact
Fax: _____

---

**Individual**

Attorney Y/N

Supplier/Vendor
Type: _____
(From Page 2)

Ownership Code: _____
(From Page 2)

2. In an individual rather than a business entity: (ALL FIELDS MUST BE COMPLETED)

------------------------    ----------------------
Social Security Number

Individuals Name: _____
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____
Fax: _____

---

**Payment Address**

One Time Payment: [ ]

3. To which all payments will be sent:
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____

---

**Additional Payment Address**

4. New additional payment address:
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____

---

**Authorization**

Date Faxed __/__/__

URGENT: Court Order: [ ]

DCMR 1710 Emergency [ ]

5. INFORMATION PROVIDED BY:

--------------------------------
Print or Type Name of Requestor

----------------  ------------  ------------  ------------
Title             Phone         Fax           3 digit Agency Code

--------------------------------  ------------------
Agency Chief Contracting Officer (ACCO)    Date

--------------------------------  ------------------
Agency Chief Financial Officer (ACFO)      Date

FMS Form 710R (REV. 3/02)

[OVER]

# VENDOR INFORMATION FORM

Page 2 of 2

| | |
|---|---|
| | **FAX OR DELIVER TO:**<br>DIVISION OF VENDOR ENTRIES<br>810 FIRST STREET, N.E.<br>SUITE 200<br>WASHINGTON, DC 20002<br>FAX: (202) 442-8217<br>For Assistance, call Division of Vendor Entries at (202) 442-8269 |
| **Vendor Type** | 6. (Please circle one):<br><br>1. Employee<br>2. Federal Agency<br>3. State Agency<br>4. Local Government<br>5. Vendor-business<br>6. Vendor-Individual<br>7. Other |
| **Ownership Code** | 7. (Please circle one):<br><br>A. State Corporation<br>C. Professional Corporation<br>E. State Employee<br>F. Financial Institution<br>G. Government Entity<br>I. Individual Recipient<br>L. Local Small Disadvantage Business Enterprises<br>N. Medical Corporation<br>O. Out of State Corporation<br>P. Professional Association<br>R. Foreign<br>S. Sole Ownership<br>T. Partnership |

FMS Form 710R (REV. 3/02)

EXHIBIT D

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            0515
CONNECTION TEL                    95543313
CONNECTION ID
ST. TIME           08/08 17:33
USAGE T            00'24
PGS. SENT             2
RESULT             OK
```



Office of the General Counsel
9th Floor
825 North Capitol St., NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

**Date:** 08-08-06

**TO:** Ronald Drake, Esquire        **Fax No.:** 202/554-3313

**CO:**        **Tele. No.:** 202/682-0223

**FROM:** Quinne Harris-Lindsey, Esq.        **Tele. No.:** 202/442-5169

**No. Pages, Including Cover Sheet:** _2 pps_

**COMMENTS:** Attorney Billing Rate/Hourly Rate for Legal Services

---

### *CONFIDENTIALITY NOTICE*



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

|  |  | **Date:** | 08-08-06 |
|---|---|---|---|
| **TO:** | Ronald Drake, Esquire | **Fax No.:** | 202/554-3313 |
| **CO:** |  | **Tele. No.:** | 202/682-0223 |
| **FROM:** | Quinne Harris-Lindsey, Esq. | **Tele. No.:** | 202/442-5169 |

**No. Pages, Including Cover Sheet:**   2 pps

**COMMENTS:**  Attorney Billing Rate/Hourly Rate for Legal Services

---

### *CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

August 8, 2006

Ronald Drake, Esquire
5 P Street, S.W.
Washington, D.C. 20024

**VIA FACSIMILE 202-554-3313**

Subject:       **Hourly Rate for Legal Services**

Dear Mr. Drake:

OGC is in the process of reviewing the hourly rates attorneys propose to be paid for administrative matters under the IDEA. Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, "DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed." The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the complexity of the issues raised in the case. Your hourly rate of $405.00 per hour is deemed excessive when balanced against the above referenced standard. A review of the median rates presented to DCPS for payment of fees for these types of cases is approximately $220.00. In your case, DCPS will pay an hourly rate of $300.00 per hour for the services provided by you.

I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area. However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case. Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

I am available to discuss this matter in greater detail, if necessary. However, please provide any queries in writing to ensure clarity. We will process your invoices for payment at the rate of $300.00/hour unless you respond in writing on or before Friday, August 11, 2006. Thank you in advance for your anticipated cooperation.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:    Abbey Hairston, General Counsel
       file