IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AC, ET AL. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CA NO. 1:06-CV-439-HHK |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant ) | |

SUR-SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR

SUMMARY JUDGMENT

This sur-sur-reply is plaintiffs' response to defendant's submittal titled by defendant as Defendant's Response to Plaintiffs' September 25, 2006 Sur-Reply.

In support of this sur-sur-reply, plaintiffs adopt and incorporate herein their prior briefing of these issues, as follows:

> August 3, 2006 Points and Authorities in Support of Plaintiffs' Motion for Attorney's Fees and Costs for Court Proceedings
>
> August 26, 2006 Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment Awarding Attorney's Fees and Costs
>
> September 25, 2006 Plaintiffs' Sur-Reply in Support of

Plaintiffs' Motion for Summary Judgment

In addition thereto, plaintiffs present, where appropriate, a point-by-point refutation of defendant's October 24, 2006 responses numbered paragraphs 1 through 9.

<u>Response</u> <u>to</u> <u>Defendant's</u> <u>Paragraph</u> <u>1</u>.  Defendant's assertion that plaintiffs have failed to show prevailing party states as to Plaintiff M.R. is baseless.  As already noted, this was invoiced to defendant on March 2, 2005, with a follow-up letter about that invoice on January 23, 2006.  In addition, defendant, having made a partial payment on this invoice, has certainly conceded that plaintiffs were prevailing parties.  As to the reasonableness of counsel's rates, that issue has been repeatedly briefed in support and in opposition to this summary judgment motion by both plaintiffs and defendant.

<u>Response</u> <u>to</u> <u>Defendant's</u> <u>Paragraph</u> <u>2</u>.  Plaintiffs have shown the reasonableness of their charges.  The fact that defendant now presents to the Court a self-serving Dispute Sheet does not boot-strap defendant's argument into authority.  Defendant's Dispute Sheet is not authority.

<u>Response</u> <u>to</u> <u>Defendant's</u> <u>Paragraph</u> <u>3</u>.  Defendant's Exhibit 1, by its very submittal to this Court, if nothing more, concedes the prevailing party issue.

<u>Response</u> <u>to</u> <u>Defendant's</u> <u>Paragraph</u> <u>4</u>.  See prior facts and arguments adopted and incorporated herein, along with plaintiffs' response to defendant's paragraph 3, as stated above.

<u>Response</u> <u>to</u> <u>Defendant's</u> <u>Paragraph</u> <u>5</u>.  See plaintiffs' response to defendant's paragraph 4, as stated above.

Response to Defendant's Paragraph 6. See plaintiffs' response to defendant's paragraph 4, as stated above. In addition, as already noted, the statute sets the attorney's fee rate based on "rates prevailing in the community." See 20 USC, Sec. 1415(i)(3)(B). The fact that defendant has made a self-serving determination of what it has unilaterally set as the rates prevailing in the community is not authority and is of no consequence.

Response to Defendant's Paragraph 7. Plaintiffs have no objection to this Court making a detailed review of filings in another case in this jurisdiction, referenced by defendant, Thomas v. District of Columbia, Civ. No. 03-1791(CKK).

Response to Defendant's Paragraph 8. This counsel has not asserted that DCPS did not fax an August 8, 2006 letter to this counsel. This counsel has stated repeatedly, reiterates, and represents to this Court that this counsel did not receive such letter until submitted by defendant in Court filings. Under the Rules, such a representation by counsel to the Court is accepted as true. Query as to why defendant continues this line of attack.

Response to Defendant's Paragraph 9. Plaintiffs rely on their argument presented in their August 26, 2006 Reply, at pages 4-6.

IV. CONCLUSION

For all the foregoing reasons, plaintiffs renew their request that the Court grant their motion as stated. The

timesheet for the additional time incurred herein is attached as Exhibit I.

Respectfully submitted;

/s/_____
Ronald L. Drake
D.C. Bar No. 338392
Attorney at Law
5 P Street, S.W.
Washington, D.C. 20024
(202) 682-0223

Counsel for Plaintiffs

**EXHIBIT I**

**THIRD SUPPLEMENTAL TIMESHEETS**
**JUDICIAL PROCEEDINGS**
**AC v. DC**

| Date | Hours | Item |
|---|---|---|
| 9-27-06 | .25 | Phone call with D's counsel Re: Effort to settle |
| 9-27-06 | .25 | Phone call with D's counsel Re: Agreement on amount of claim but not as to settlement |
| 9-28-06 | .25 | Phone call with D's counsel Re: Counter offer of settlement |
| 9-29-06 | .25 | Reading/analyzing 9-29-06 email Re: Settlement discussion |
| 9-29-06 | .25 | Phone call with D's counsel Re: Settlement |
| 10-10-06 | .25 | Phone call with D's counsel Re: Draft of settlement agreement |
| 10-10-06 | .25 | Reading/analyzing defendant's draft of settlement agreement |
| 10-10-06 | .5 | Revising _Abraham_ consent judgment to conform to agreed settlement in this case |
| 10-11-06 | .25 | Phone call with D's counsel Re: Broken settlement agreement |
| 10-28-06 | .5 | Reading/analyzing defendant's motion for leave to file sur-opposition and defendant's attached sur-opposition |
| 10-28-06 | 2. | Drafting/editing/revising plaintiffs' sur-sur-reply |

Total Hours:  5 x $425.00 per hour

ADDITIONAL BALANCE DUE FOR JUDICIAL PROCEEDING:   $2125.00