Attachment A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HASHIMA AGAPITO, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1935 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

The question before the Court is whether attorneys who appear in administrative hearings under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq.*, should be compensated according to the *Laffey* Matrix[1] or the attorney fee guideline rates adopted by the District of Columbia Public Schools ("DCPS"). Persuaded by the Attorney General of the District of Columbia, the Court finds that the DCPS rates are applicable and appropriate in this case and will award attorneys' fees accordingly.

**I.  BACKGROUND**

This case began as a claim for attorneys' fees by lawyers associated with the firm of James E. Brown & Associates PLLC. In a memorandum opinion issued on March 7, 2007, this Court held that lawyers not licensed to practice in D.C. cannot collect attorneys' fees under the

---

[1] *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 74 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

IDEIA. *See* Mem. Op. [Dkt. #23]. On this basis, the fee applications for Domiento Hill, Brenda McAllister, and Christopher West were denied; the Court ordered attorneys Miguel Hull and Marshall Lammers to submit evidence adequate to meet their burden to establish the reasonableness of their rates. *See id*. at 18-23. When they did so, the Court issued a memorandum opinion and order to show cause to DCPS why the District should not pay the fees set out in that opinion for Messrs. Hull and Lammers and Ms. Busso, which followed the *Laffey* Matrix. *See* March 23, 2007 Mem. Op. & Order [Dkt. #25]. DCPS responded on April 5, 2007, urging the Court to adopt its guideline rates. *See* Defs.' Response to Court's Mem. Op. & Order to Show Cause ("Defs.' Response") [Dkt. #26]. There has been no reply from the attorneys at the Brown firm.

## II. ANALYSIS

The *Laffey* Matrix was developed by the United States Attorney's Office for the District of Columbia to track prevailing attorneys' hourly rates for complex federal litigation. It "creates one axis for a lawyer's years of experience in complicated federal litigation and a second [axis] for rates of compensation." *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001). The District emphasizes that the *Laffey* Matrix involves "the prevailing market rates for complex federal litigation in the District of Columbia." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995). Attorneys "have to state their federal court experience in order to get *Laffey* rates." *Id.* at 1108 n.17. The District contrasts these standards with the much less formal and much less complex IDEIA litigation at issue here.

There are nine administrative proceedings for which fees are being sought. Only four involved a presentation to a hearing officer, as the parties reached settlement agreements on the others. Preparation for a due process hearing requires (1) the filing of a hearing request form; (2)

participation in a resolution/mediation session prior to the hearing; (3) submission of all documents and witnesses to be introduced at the hearing; and (4) representation of the student and parent at the hearing itself, which involves putting on witnesses, cross-examining witnesses, and introducing evidence. *See* Defs.' Response, Ex.. 2, Decl. of Quinne Lindsey-Harris ("Lindsey-Harris Decl.") ¶¶ 6-9. Legal argument may also be made. *Id.* While an IDEIA case may be more complicated, the invoices and Hearing Officer Decisions (HODs) in the record show that these particular matters were not. There were no pre-hearing interrogatories or discovery, no production of documents or depositions, no psychiatrists or psychologists testifying about learning disabilities, no briefings of intricate statutory or constitutional issues, no pre-trial briefings, no lengthy hearings, no protracted arguments, and few, if any, motions filed. *Cf. Covington*, 57 F.3d at 1106 (noting the statement by the district court that "[p]laintiffs' counsel handled very well this complicated federal case, which involved the constitutional claims of ten plaintiffs against sixteen defendants, lengthy discovery, many motions and a jury trial").

The billing records here demonstrate the nature of the work performed. A variety of items show similar work performed by legal assistants, non-attorney advocates and attorneys, with billing by a legal assistant at $105 per hour, by a non-attorney advocate at $175 per hour, and $350 per hour by Attorney Lammers for the same kind of tasks. *See* Compl., Exs. 3, 11, 21, 32, 36, 41 & 42. For example, D.B.'s invoice shows that Mr. Lammers billed $350 per hour to call a parent about a signature on an Individual Education Plan ("IEP") while a legal assistant called the parent in R.O.'s invoice for a non-legal matter and billed at the rate of $105 per hour. *Compare* Compl., Ex. 2, p.3 *with* Compl., Ex. 32. Similar comparisons abound.

Veleter M.B. Mazyck, former General Counsel of DCPS, distributed the "DCPS

Guidelines for the Payment of Attorney Fees in IDEA Matters" to the special education bar by memo dated February 1, 2005. *See* Defs.' Response, Ex. 4. It was updated on October 1, 2006, and may have been updated since. *Id*. Quinne Lindsey-Harris, Acting Supervisory Attorney Advisor in the Office of the General Counsel, oversees attorneys representing DCPS in IDEIA hearings. *See* Defs.' Response, Ex. 2, Lindsey-Harris Decl. ¶¶ 2-3. Ms. Lindsey-Harris also provides the final legal review of attorney fee invoices submitted to DCPS. *Id.* ¶ 10. She has noted the following patterns over the past year:

> Attorneys possessing 10 to 20 years of experience, [sic] invoice their rate within the range of $200.00 to $295.00. . . .
>
> Attorneys possessing 20 years or more in experience invoice their rate within the range of $300.00 to $350.00 per hour.
>
> Therefore, DCPS has determined that any billing rate of over $350.00 per hour irrespective of the length of experience is excessive and unreasonable, and not consistent with the prevailing market rate in the D.C. community, given that the administrative hearings are not complicated.

*Id.* ¶¶ 14-15. The DCPS guidelines set hourly rates for lawyers in the District of Columbia who handle IDEIA matters as follows:

> a. Lawyers admitted to the bar for less than five years: $135-170
> b. Lawyers admitted to the bar for five to eight years: $150-225
> c. Lawyers admitted to the bar for more than eight years: $200-275
> d. Legal assistants and law clerks: $90

*See* Def.'s Response at 11 & Ex. 4. The IDEIA provides that an award of attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The District of Columbia argues that its

-4-

guideline rates pertain to the "kind and quality of services furnished" and should be applied here.

### A. Christina Busso

Upon review of the submitted invoices, the Court noted that many of the Plaintiffs were represented by Christina Busso before Mr. Lammers joined the firm. For these Plaintiffs, Ms. Busso was billed out at $350 per hour. Plaintiffs have submitted no information about Ms. Busso. Knowing only Ms. Busso's admission to the D.C. Bar from its website, the Court tentatively awarded attorney's fees for her hours at the *Laffey* rate selected for Mr. Lammers: $185 per hour. *See* Dkt. #25.

The District of Columbia justifiably protests. It notes that Plaintiffs bear the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours, and justification for the reasonableness of the rates. *See Blum v. Stenson*, 465 U.S. 866, 896 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Covington*, 57 F.3d at 1107; *Smith v. Roher*, 954 F. Supp. 359, 365 (D.D.C. 1997). None of this information has been submitted for Ms. Busso and Plaintiffs actually claimed that Mr. Lammers worked those hours. As the District succinctly argues:

> With due respect, the Court having properly held the burden of demonstration to be the Plaintiffs,' and having directly found a total absence of information supporting *any* rate for Ms. Busso, the Court could not properly conclude *any* rate to be proper.

Defs.' Response at 14. Accordingly, the Court has reconsidered its award of attorney's fees for Ms. Busso's work and determined that there is insufficient evidence to support any award.

### B. Miguel Hull

Mr. Hull graduated from law school in May 1998 and, during the pertinent time period, had between four and seven years of relevant experience. *See* Mem. to Supp. Plaintiffs' Claims for an Award of Reasonable Attorney Fees and Costs ("Pls.' Mem."), Ex. 3 (Hull Decl. and Resume). The invoices attached to the Complaint billed him out at $350 per hour although he has declared that he believes his hourly rate to be $235 per hour. The District argues that its attorneys' fees guideline rates are the prevailing market rates for IDEIA work in this community and should be applied here. Mr. Hull has presented no additional facts or counter-argument. Having found that the *Laffey* Matrix does not apply to these straight-forward IDEIA matters (recognizing that other IDEIA cases might so qualify), the Court concludes that the DCPS guideline rates should be adopted here. As a result, Mr. Hull's rate should be $170, not $225 as indicated by the *Laffey* Matrix.

### C. Marshall Lammers

Mr. Lammers graduated from law school in May 2004. He became associated with the Brown firm during the last week of March 2005 and represented some of the Plaintiffs during April and May 2005, with the exception of R.B., whom he represented until June 6, 2005. The District of Columbia proposes that the appropriate rate for Mr. Lammers would be $135 per hour, its guideline rate for novice IDEIA attorneys, and not $185, the rate from the *Laffey* Matrix. Mr. Lammers has presented no additional facts or counter-argument. The Court will therefore adopt the District's proposal and award fees for Mr. Lammers's work at a rate of $135 per hour.

### D. Award

With the adjustments discussed above, the attorney fee awards for each outstanding matter will be as follows:

| Complaint Exhibit | Student | Fees Requested | Costs Requested | Total Requested | Award |
|---|---|---|---|---|---|
| 2 | D.B. | 7,034.65 | 222.92 | 7,257.57 | 2,409.02 |
| 3 | R.B. | 8,778.00 | 281.79 | 9,059.79 | 4,167.09 |
| 11 | R.C. | 6,376.65 | 562.39 | 6,939.04 | 5,059.29 |
| 21 | D.G. | 6,841.80 | 314.78 | 7,156.58 | 3,711.43 |
| 32 | R.O. | 4,961.95 | 175.68 | 5,137.63 | 2,087.93 |
| 36 | C.R. | 7,156.10 | 449.74 | 7,605.84 | 3,231.69 |
| 41 | E.S. | 16,462.25 | 318.27 | 16,780.52 | 1,111.32 |
| 42 | T.T. | 16,589.65 | 551.27 | 17,140.92 | 6,212.92 |
| 52 | J.W. | 6,956.60 | 138.22 | 7,094.82 | 2,233.97 |

### III. CONCLUSION

The Court declines to rely on the *Laffey* Matrix for these relatively simple and straightforward IDEIA cases. It finds that the District of Columbia has presented the applicable rates in the community for IDEIA attorneys on these kinds of cases and therefore adopts those guideline rates for the outstanding claims in question. A memorializing order accompanies this Memorandum Opinion.

                         _____/s/_____
                         ROSEMARY M. COLLYER
                         United States District Judge

DATE: November 30, 2007