UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
DEBORAH CLARK,                            )
Parent and next friend of                    )
A.C., a minor, *et al.*,                           )
                    Plaintiffs,                      )
          v.                                            )
                                                      )   Civil Action No. 06-0439 (HHK) (AK)
DISTRICT OF COLUMBIA,              )
                    Defendant.                   )
_____)

### REPORT AND RECOMMENDATION

      This matter was referred to the undersigned, pursuant to Rule 72.3(a) of the Local Civil Rules of the United States District Court for the District of Columbia, for a Report and Recommendation on Plaintiffs' Motion for Summary Judgment Awarding Attorney's Fees and Costs ("Motion") [11]. Upon consideration of the Motion, Defendant's opposition to the Motion ("Opposition") [12], Plaintiffs' reply thereto ("Reply") [13], Defendant's Response to Plaintiffs' Newly Submitted Evidence ("First Response")[21], Plaintiff's Sur-Reply in support of Motion ("Sur-Reply") [22], and Defendant's response to Plaintiffs' Sur-Reply ("Second Response") [23] for the reasons set forth below, the undersigned recommends that Plaintiffs' Motion be granted in part and denied in part and that Plaintiffs be awarded $389,438.44 for attorney's fees attributable to work relating to administrative proceedings, offset by payments received from the Defendant, in the amount of $127, 257.00, leaving an unpaid balance of $262,181.44[1]  In their Motion,

___

    [1]Defendant's Opposition focused on the procedural defects in Plaintiffs' Motion, including lack of supporting documentation.  Plaintiffs responded with a Reply, totaling 369 pages, including supporting documentation for each claim.  Defendant argued that the Reply contained new evidence and thus, it was entitled to proffer a [First] Response [21], containing substantive arguments against awarding the fees demanded by Plaintiffs.  Plaintiffs responded with a Sur-Reply [22] to which Defendant proffered a [Second] Response [23].  By means of a Minute Order dated February 19, 2007, the trial court, *nunc pro tunc*, permitted these

Plaintiffs also requested an award of $8,181.00 for attorney's fees associated with their Motion for Summary Judgment ("fees for fees").  Defendant contends that this request is premature prior to any ruling on entitlement and amount of attorney's fees and costs. *See Cummings v. District of Columbia,* Civ. No. 04-1426 (D.D.C., July 13, 2006), slip op. at 4 (where the Honorable Rosemary Collyer held that "[w]ithout a final appealable order on the merits, Plaintiff's request for attorney's fees is premature. . .[but after a final order is issued], counsel for the Plaintiffs will be able to submit an application for attorney's fees, which Defendants might accept or challenge.")

Plaintiffs agree that "this Court has yet to enter a ruling on entitlement and amount of [underlying] attorney's fees and costs,"(Reply at 5), but argue that it is a waste of judicial resources to separately consider the underlying request for reimbursement of Plaintiffs' legal fees relating to the administrative hearings and the Plaintiffs' request for "fees for fees."  The undersigned disagrees, finding that the Plaintiffs' claim for "fees for fees" should not be considered until after a ruling on the pending motion has been made and all fee records for claimed fees [relating to this judicial proceeding] are complete.[2] The undersigned further recommends that any motion for recovery of "fees for fees" be presented in a concise manner, with all documentary support attached to the motion so as to avoid the multitude of piecemeal pleadings that were filed in connection with this motion for summary judgment.

---

supplemental pleadings to stand.

[2]The fees submitted by Plaintiffs relating to activity on this case in the judicial forum date from August 1, 2006 through September 23, 2006, and obviously do not include any fees that may be incurred in relation to this Report and Recommendation and any objections thereto.

## I. BACKGROUND

This case involving forty aggregate claims by twenty-six Plaintiffs was initiated under the Individuals with Disabilities Education Act ("IDEA"). At the administrative level, the Plaintiffs participated in hearings before the District of Columbia Public Schools' ("DCPS") Student Hearings Office ("SHO"), which resulted in the SHO issuing decisions in the form of Hearing Officer's Determinations ("HODs"). In March 2006, Plaintiffs filed their Complaint seeking the recovery of costs and attorney's fees relating to the administrative hearings before the SHO and costs and fees [as yet undetermined] resulting from this judicial proceeding.

Plaintiffs allege that prior to filing this civil action, their counsel submitted to Defendant D.C., through the D.C. Public Schools Office of General Counsel, "copies of his timesheets, all applicable HODs, and statements for attorney's fees and costs for all of the plaintiffs" (Motion at 2.) A review of the record indicates that there are twenty-six Plaintiffs with an aggregate of forty claims, twenty-three of whom have received a partial payment of legal fees resulting from their administrative hearings and payment of costs. (Motion at 5-10.) To date, Defendant's payments to Plaintiffs total approximately $127,000.00, and the amount paid by Defendant corresponds to the applicable fee cap. Plaintiffs assert that outstanding [unpaid] legal fees and costs for work related to these administrative hearings exceed $700,000.00.[3] Plaintiffs filed the instant Motion for Summary Judgment on August 3, 2006.

---

[3]Plaintiffs' documentation (Motion, Attachment One) reflects a demand for outstanding fees and costs in the amount of $708,517.00, after payment of $127,257.00 by the Defendant. Defendant's compilation of fees claimed (Second Response, Exhibit B) reflects a total demand for $830,875.00 in fees [based on 1955 hours billed at $425.00 per hour] and $2,264 in costs. The undersigned will use Exhibit B as a starting point for the fees discussed in this Report and Recommendation because it is the most recent documentation summarizing the legal fees and costs alleged to be due.

## II. LEGAL STANDARD

Section 1415(i)(3)(B) of the IDEA gives courts authority to award reasonable attorney's fees to the parents of a child with a disability who is the prevailing party. 20 U.S.C. §1415(i)(3)(B). An action or proceeding under IDEA includes both civil litigation in federal court and administrative litigation before hearing officers. *Smith v. Roher*, 954 F. Supp. 359, 362 (D.D.C. 1997); *Moore v. District of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990). Section 1415(i)(3)(C) states that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Section 1415(i)(3)(D) sets out a number of prohibitions on the award of attorney's fees and related costs, while 1415(i)(3)(F) contains factors to consider in reducing the amount of fees awarded.

The undersigned is charged with assessing the reasonableness of the attorney's fees and costs requested. "An award of attorneys' fees is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case." *Smith*, 954 F. Supp. at 364 *(internal citations omitted); see* Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983); Blum v. Stenson*, 465 U.S. 886, 888 (1984). The result of this calculation is the "lodestar" amount. *Smith*, 954 F. Supp. at 364.

The plaintiff has the burden of establishing the reasonableness of any fee requests. *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("[A] fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.") To

demonstrate a reasonable hourly rate, the fee applicant must show: an attorney's usual billing practices; counsel's skill, experience and reputation; as well as the prevailing market rates in the community. *Covington*, 57 F.3d at 1107.

## III. ANALYSIS
### A. Prevailing Party Status

Plaintiffs assert that they are entitled to summary judgment and compensation for attorney's fees because they prevailed at the administrative hearings and the Hearing Officer Determinations were favorable to them. (Motion at 1-2.)[4] Defendant argues that Plaintiffs have not submitted evidence in the form of HODs, proving that they prevailed at the administrative hearings; therefore, they have not met their burden required for compensation. (Opposition at 3-4.) Plaintiffs respond with an argument of utility, asserting that "there is nothing in this case or motion to justify burdening this Court with hundreds of HODs." (Reply at 3.)

In order to determine whether the Plaintiffs are entitled to summary judgment and recovery of attorney's fees, the undersigned must determine that the Plaintiffs in these cases are the prevailing parties. It is the burden of the Plaintiffs to show evidence of prevailing party status. In the instant case, Defendant has paid the "fee cap" fees plus costs for 23 of the 26 Plaintiffs (Motion, Attachment One) and this is viewed as a concession that these Plaintiffs prevailed at the administrative hearings. Defendants did not make any payments on seven claims, six involving HODs and one involving a settlement agreement. The four Plaintiffs linked to these seven claims, whose prevailing party status may be at issue, are: A.C.; C. G.; M .J. and R.W. In its First

---

[4]The pagination referred to herein corresponds to the pagination assigned by the Court when these documents were docketed on the electronic case filing system.

Response, Defendant does not specifically contest the prevailing party status of these four Plaintiffs regarding their claims, with the exception of M.J.'s May 19, 2005 claim, which was settled pursuant to a settlement agreement. *See Alegria v. District of Columbia*, 391 F.3d 262 (D.C. Cir. 2004) (applying *Buckhannon Bd & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2000)) (plaintiffs are not considered to be prevailing parties entitled to attorneys' fees and costs for claims resolved based upon settlement agreements.)  Accordingly, M.J.'s May 19, 2005 claim should be excluded on grounds that M.J. is not a prevailing party for purposes of IDEA, and 24 hours should be stricken from Plaintiffs' cumulative fee request. The undersigned further finds that billing records submitted in connection with R.W.'s claims based on the HODs dated July 9, and August 28, 2003 indicate that the "[p]arent obtained some relief but no finding of denial of FAPE." (Reply at 287, 290).  Plaintiffs proffer no explanation regarding this notation and thus, the undersigned recommends that R.W.'s two claims be reduced by half, from 80.5 hours to 40.25 hours, to reflect the partial success on these claims.[5] The prevailing party status of all other Plaintiffs on their claims, and M.J. on her March 2004 claim, and R.W. on his March 2004 claim is accepted by the undersigned.

### B. Fee Cap

The current fee cap provision in Section 122 of the 2006 District of Columbia Appropriations Act prevents the District from paying attorney's fees in excess of $4,000 per action in IDEA cases, and an action is defined to include an administrative proceeding and any related proceedings in court.  *See* Pub.L. No. 109-115; 119 Stat. 2396, 2519  (2005), *cont'd in*

---

[5] The actual calculations regarding these suggested reductions in hours will be applied in Section C. below.

*effect*, Revised Continuing Appropriations Resolution, Pub.L. No. 110-5, 121 Stat. 8 (2007). While the applicable appropriations fee cap limits the District's ability to pay, it does not limit the Court's authority to award attorney's fees. *Calloway v. D.C.,* 216 F.3d 1, 12 (D.D.C. 2000).

### C. Counsel's Hourly Rates

Plaintiffs rely on the *Laffey* Matrix in their request for attorney's fees based on an hourly rate that began at $390.00 per hour in some of the billing records, was increased to $405.00 per hour in the Amended Complaint and was further increased to $425.00 per hour in the Motion for Summary Judgment.[6] (Motion at 2.) Notably, Plaintiffs' counsel offers no basis for an increase in his claimed hourly rates from $390 to $425, other than a reference to the *Laffey* Matrix, nor has counsel demonstrated any reason why the trial court should permit counsel to apply those new rates retroactively.

Defendants oppose the Plaintiffs' request for attorney's fees at this rate, claiming that counsel's hourly rate is too high and "no Court in this jurisdiction has ever approved the extraordinary rate being demanded here; other attorneys with Plaintiffs' counsel's longevity and experience in IDEA litigation charge far less than that demanded here; more junior attorneys do precisely the same work-with equal competence-and charge a fraction of what is requested in this case; and the Matrix was not intended as a tool for plundering the public fisc." (Opposition at 5.)

---

[6]The *Laffey* Matrix is "a schedule of charges based on years of experience" developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988). The *Laffey* Matrix is updated annually by the federal government and is used by courts in this Circuit. *See Kaseman v. District of Columbia*, 329 F. Supp.2d 20, 25 (D.D.C. 2004).

Plaintiffs have the burden of establishing the reasonableness of fee requests. *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995); *Covington v. District of Columbia*, 57 F.3d 1101. 1107 (D.C. Cir. 1995). To demonstrate reasonable hourly rates, the fee applicant must show: evidence of what counsel normally charges a client and, if they have charged less than their normal rate, they must show evidence that this was done for "non-economic reasons;...the attorney must offer information documenting his or her skill, experience, and reputation; and...the attorney must produce evidence of the prevailing market rates in the relevant community for attorneys of comparable skill, experience and reputation." *Covington*, 57 F.3d at 1103.

Plaintiffs' counsel in this case has failed to show what he normally charges clients for this type of work. He has presented no affidavits attesting to the actual billing rates of lawyers who do similar IDEA work and no information about the nature or complexity of the IDEA administrative work he performed in this case or his reputation as an attorney. Rather, counsel has merely indicated his years of experience as a lawyer and requested that the trial court take judicial notice of his qualifications, which were set forth in *Abraham v. District of Columbia*, 338 F. Supp.2d 113, 123-124 (D.D.C. 2004). (Sur-Reply at 5,7.)

Plaintiffs primarily rely on the *Laffey* Matrix as evidence of the prevailing market rates in the relevant community, to justify counsel's hourly rate of $425, but that Matrix is inapplicable because it is intended to apply to complex federal litigation and almost all of the attorney's fees in question are the result of counsel's preparation for attendance at routine administrative hearings. In their Sur-Reply, Plaintiffs set forth a summary of the hourly rates applied in IDEA cases from this jurisdiction where the plaintiffs in those cases were represented by counsel from the instant case. (Sur-Reply at 8-12.) Those hourly rates for years 1993 through 2004 range from $150.00 to

$361.00.[7]

Defendant asserts that the 2005 hourly rates awarded to attorneys with the same or greater experience than Plaintiffs' counsel for work in IDEA cases ranged from $285 to $375 per hour. (Response at 24.) Defendant offers evidence that "[a]ttorneys possessing 20 years or more of experience invoice their rate within the range of $300 to $350 per hour," giving evidence of [local] IDEA attorneys and what they bill hourly. (Response at 26.)

Because Plaintiffs' counsel has failed to meet the burden set by *Covington* to show the undersigned that his hourly rates are reasonable, the undersigned will rely on the typical range of hourly rates charged by attorneys who handle IDEA cases in this jurisdiction, the range of judicially determined hourly rates in cases involving Plaintiffs' counsel and the nature of the work performed in order to determine a reasonable hourly rate. Taking into consideration the evidence presented as to the rates charged by attorneys of comparable experience in similar cases and precedent from this Court, the undersigned suggests that Plaintiffs' attorney's fees be calculated using a rate of $325 per hour. This number is within the standard range for this type of case and for an attorney with the experience in question and will be applied as a flat rate to administrative proceedings. Applying this rate to the 1,955 hours claimed by Plaintiffs' counsel, adjusted downward by 64.25 hours to 1,890.75 hours, the undersigned recommends that Plaintiffs' total fee claim be initially reduced from $830,875.00 to $614,493.75.[8]

---

[7] In *Thomas v. District of Columbia*, Civil Action No. 03-1791 (CKK) (D.D.C.) the trial court allowed a flat hourly rate of $360 but significantly reduced the fees allowed. (March 22, 2007 Memorandum Opinion [38].)

[8] These figures do not reflect payments made by Defendant.

### D. Other Challenges to Fee Requests
#### 1. IEP Meetings

In their time sheets, Plaintiffs list numerous hours billed to preparation or work relating to IEP meetings. Pursuant to 20 U.S.C. §1415(i)(3)(D)(ii), the IDEA bars reimbursement of attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, . . . ." Plaintiffs have offered no evidence that any IEP meetings for which it submitted billing entries were convened as a result of the administrative proceedings or a judicial action. Therefore, Plaintiffs have not met the burden required for the award of fees related thereto. Defendant has identified 111.5 hours billed for work relating to IEP meetings, which should be excluded from any fee reimbursement calculation. Exclusion of those hours results in a recommended downward adjustment of $36,237.50 [using the suggested hourly rate or $325], resulting in a total fee claim of $578,256.25.

#### 2. Quarter Hour Billing

Plaintiffs' counsel's billing records reflect counsel's practice of billing in quarter hour increments. (Motion, Attachment Two) Defendant opposes this form of billing, claiming that case law supports that billing be done using six-minute increments. (First Reponse at 28.) *See Board of Education of Frederick County v. I.S.,* 358 F. Supp.2d 462, 470 (D. Md. 2005) ("[T]he most precise billing approach possible should be utilized to ensure the utmost degree of accuracy" in cases where a firm represents a client on a pro bono basis and then tries to collect attorney's fees from the public school system.) Defendant recognizes however that judges from this Court have allowed quarter hour billing in the past. *See Thomas v. District of Columbia,* 2007 WL

891367 (D.D.C.) at *10; *Blackman v. District of Columbia*, 59 F. Supp.2d 37, 44 (D.D.C. 1999).[9] The undersigned recommends that the trial court allow Plaintiffs' counsel's quarter-hour billing increments, but cautions counsel that future time sheets submitted to the Court must reflect billing entries in six-minute increments.

### 3. Biweekly Case Reviews

Plaintiffs' counsel's billing records include approximately 729 entries for "bi-weekly case status review[s.]" (Reply, *see* Attachment A.) Defendant objects to recovery of fees for these hours because "[e]ach such entry is listed in quarter hour increments, and no entry reflects any reason why the 'review' was necessary, how long it actually took, or how it aided in achieving a favorable result." (First Response at 29.) Defendant asserts that these entries account for approximately ten percent of the billed hours and requests that this time totaling 195.25 hours be disallowed. (First Response at 29.)

Plaintiffs bear the burden of showing that the hours billed are reasonable and the bi-weekly case status reviews were necessary.[10] Plaintiffs assert that "[f]ile review charges are compensable . . . [and] have been specifically recognized and approved in other cases [in this Court]." (Sur-Reply at 15.) (string citation omitted.) *See Dorsett v. District of Columbia*, Civil

---

[9] The *Thomas* case involved the same Plaintiffs' counsel. In that case, the Court allowed counsel's billing practices to stand and declined to reduce the fee award [on that basis] on grounds that it was counsel's normal billing practice and Defendant had not previously objected. The Court, however, cautioned counsel that his "argument that he lacked notice of the District's objection to billing in quarter-hour increments many not carry weight in the future." 2007 WL 891367 at *4.

[10] Plaintiffs provide no explanation regarding counsel's practice of performing bi-weekly case status reviews; i.e., what triggers such review and what is encompassed within such review.

Action No. 00-00212 (LFO) (D.D.C. September 13, 2000) ("Bi-weekly reviews . . . evidence diligent legal representation, not unreasonable or excessive use of time . . . .") (citing *Whatley v. District of Columbia*, No. 98 Civ. 2961 (D.D.C. August 7, 2000)*).*  In this case, while the undersigned finds that some bi-weekly case status reviews may have been warranted, Plaintiffs' counsel's time sheets include charges for bi-weekly case reviews that occur in the midst of other activity in the case (Reply at 51, 75) and strings of bi-weekly review charges (Reply at 57, 72.) Plaintiffs proffer no information why counsel would need to "review" the case when counsel was actively working on the case and billing for that time.  The undersigned thus recommends that one-half of these "bi-weekly case review" billing entries [95.6 hours] be stricken on grounds that they are unjustified and excessive.  The undersigned recommends a reduction of the previous amount of fees [$578,256.25] by $31,070.00, resulting in the total fees of $547,186.25.

4. Clerical and Non-Professional Services

Plaintiffs' counsel bills at the same hourly rate for professional services such as review and analysis of documents as for non-professional tasks including "reading/calendaring," "assembling hearing notebook," "assembling time sheets and bills" and "opening file/computer disk." (First Response at 30.)  Defendant objects to the application of the same hourly rate to these time entries because these tasks "are clerical functions, not legal ones" and "the IDEA does [not] give Plaintiffs the right to recoup such clerical costs." (First Response at 29.)  *See Lopez v. District of Columbia*, 383 F.Supp.2d at 25.  Defendant identifies 151 hours attributable to such non-professional services, and asks the Court to strike fees for these services or, if the Court deems these services reasonable, to reduce the hourly rate for these services to $75.00 per hour. (First Response at 30.)

The undersigned finds some merit in the Plaintiff's assertion that "[d]enying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm." *Bailey v. D.C.,* 839 F. Supp. 888, 891 (D.D.C. 1993). However, the *Bailey* court did not disallow the reduction of hourly rates to account for the clerical nature of such tasks. In *Thomas v. District of Columbia,* fees for clerical work performed by Plaintiffs' counsel were reduced to an hourly rate of $160, where the Court allowed counsel to recoup $360 per hour for performing professional work. 2007 WL 891367 (D.D.C.) at *17. Similarly, in this case, the undersigned recommends that counsel's hourly rate applicable to clerical and non-professional tasks be established at $140. The undersigned recommends that this reduced hourly rate of $140 be applied to 151 hours, resulting in a reduction of $27,935.00 in the Plaintiffs' fees. This reduction brings the total attorney's fees at issue to $519,251.25.

### 5. Remote Time Charges

Defendant claims that many of the Plaintiffs' billed hours should not be compensated because they "include activities . . . that have no temporal proximity to the 'action' or 'proceeding' on which the right to fees is based." (First Response at 30-31.) Defendant provides examples of some of these remote time charges, (*id.*), but its examples are entries for bi-weekly case status reviews and IEP charges, for which the undersigned has already recommended adjustments. A review of the time sheets submitted by Plaintiffs shows that the majority of time charges noted by counsel have sufficient temporal proximity to the date of the HOD.[11]

---

[11]It is the experience of the undersigned that the administrative hearing process does not always proceed in a timely manner and that factor may result in time entries that span a longer

Accordingly, the undersigned does not recommend any further reduction for time charges based on the remoteness of such charges.

### 6. Vague Time Charges

Defendant asserts that "[s]ome of the [time] entries are so vague that they should be disallowed on this ground alone." (First Response at 32.) Plaintiffs respond to this accusation with their assertion that the time sheets "show the date, amount of charge, task, name of person communicated with, where relevant, and the subject matter of the communication." (Sur-Reply at 16-17.) The undersigned notes that while some of the time entries are self-evident [for example a .25 hour entry for "reading/analyzing DCPS motion to quash" or a .25 hour entry for a "phone call with parent re: document discrepancy"], other entries, involving larger amounts of time, such as entries for "preparation for hearing" or "preparation for school visit" and "preparation for telephone conference" lack any detail that enables the undersigned to determine if the time spent on such activity was excessive.

The undersigned thus recommends that Plaintiffs' fee request be reduced by twenty-five percent to adjust for these vague time entries. *See Mr. X v. New York State Educ. Dept.*, 20 F.Supp.2d 561, 564 (S.D.N.Y. 1998) (reducing attorney's fees by twenty percent for "vague or incomplete time entries"); *Mr. And Mrs. B. V. Weston Bd. of Educ.*, 34 F. Supp. 2d 777, 782 (D. Conn. 1999) (reducing fees by thirty percent "due to vagueness [ ] and inconsistensies."); *Czarniewy v. District of Columbia*, Civ. No. 02-1496 (D.D.C. March 25, 2005), slip op. at 7. Reducing by 25% the fee amount recommended by the undersigned [$519,251.25] results in an

---

period of time. Plaintiffs should not be penalized for delays that are not within their control.

adjusted award of fees totaling $389,438.44.

7. Travel and Waiting Time

Defendant argues that Plaintiffs' time entries for travel time should either be reduced by 50% on grounds that they do not indicate that work was performed during travel, or they should be altogether denied on grounds that these entries are part of impermissible block billing entries. *See Abbot v. The Village of Winthrop Harbor*, No. 93C 4692, 1999 WL 675292 (N.D. Ill. 1999) ("For travel time to be reimbursed, the court must have evidence that work was performed during travel"); *Cooper v. United States R.R. Ret. Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (cutting the hourly rate in half for travel time.) .

In the instant case, counsel's travel time is reflected in billing entries that read "hearing/transit/waiting" with no indication of the length of the hearing. Not only do these entries lack specificity but Plaintiffs' counsel has not indicated what, if anything, was accomplished during this travel time. This warrants a reduction in the time entries that include travel and waiting time; however, these same attorney's fees have already been reduced by twenty-five percent overall for lack of specification and thus, the undersigned recommends no further fee adjustment downward.

**E. Costs**

Plaintiffs seek a total of $2,264.00 in unpaid costs attributable to these Plaintiffs' claims. This amount should be decreased by $43.00, which are costs related to M.J's. settled claim that was excluded. Defendant disputes payment of $150.00 for "expert witness fees" in connection with C.G.'s claim. Defendant relies upon *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548

U.S. 291 (2006); *Goldring v. District of Columbia*, 416 F.3d 70, 72 (D.C. Cir. 2005), *cert. denied*, 126 S.Ct. 2985 (2006) (holding that the IDEA doesn't authorize prevailing parties to recover fees for services rendered by experts.) Plaintiffs do not rebut this proposition and thus, the undersigned recommends an award of costs in the amount of $2071.00.

### IV. RECOMMENDATION

The undersigned recommends that Plaintiffs' Motion for Summary Judgment be granted in part and denied in part, resulting in an adjusted award of legal fees and costs. The undersigned recommends that counsel's hourly rate be reduced from $425 to $325, which is the market rate for an experienced attorney in this jurisdiction doing work on IDEA cases. The undersigned recommends that no across-the-board reduction be imposed for counsel's use of quarter-hour billing; that 64.25 hours be subtracted from the total hours billed for the Plaintiffs that counsel has failed to show were prevailing parties; and further that $36,237.50 be reduced from attorney's fees for IEP meetings that Plaintiffs have failed to demonstrate were ordered as the result of the administrative proceedings. The undersigned also recommends that the attorney's fees relating to inclusion of excessive bi-weekly case status reviews be reduced by 31,070.00; that 151 hours be billed at an hourly rate of $140 for clerical tasks; and attorney's fees for administrative proceedings be reduced by twenty-five percent across the board to compensate for the vagueness and lack of specificity in billing entries. No adjustment downward for alleged remote time charges or travel and waiting time is recommended.

Factoring in all of these recommendations, the undersigned recommends awarding the Plaintiffs $389,438.44 for fees relating to administrative proceedings and $2,071.00 for costs relating to the administrative proceedings. The undersigned notes that the fee award should be

offset by the fees already paid by the Defendant, in the amount of $127,257.00; thus resulting in a fee award totaling $262,181.44.

## IV. REVIEW BY THE DISTRICT COURT

      The parties are hereby advised that under provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendations. *See Thomas v. Arn*, 474 U.S. 140 (1985). If this report and recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: 10 business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional Desenvolvimento Cientifico E Technological v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) *(per curiam)*.

DATED: April 16, 2008                                      _____/s/_____
                                                                                ALAN KAY
                                                                                UNITED STATES MAGISTRATE JUDGE