Defendant's Attachment 2

## J.I. (Plaintiffs' Reply, at 124-134)

### A) HOD INFORMATION

3/25/05 HOD

### B) ATTORNEY FEE INFORMATION

**Explanation of Fee Request:**

70.25 Hours  
Original Fee Request: 4/1/05           $390.00 per hr ($27,397.50)  
Costs                                   $40.00  
Fee Paid by DCPS:                       $4,000.00  
Costs Paid by DCPS:                     $40.00  
Revised Fee Request 1/23/06             $405.00 per hr ($28,451.25)  
Second Revised Fee Request: 8/3/06      $425.00 per hr ($29,856.25)

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.    Approval of revised hourly rate is improper.**

Mr. Drake increased his hourly rate in this matter from $390.00 to $405.00 to $425.00. Even assuming the Laffey Matrix applies, the hourly rate in dispute should be $390.00, the rate at the time of services.

Amount of reduction: $ 2,458.75

**2.    Objection: Entries are remote in time and are unrelated to the hearing.**

Invoice entries for this matter begin 5/18/02, almost three years before the actual hearing on 3/25/05. The allowable time period in this matter should begin not earlier than 2/16/05, since this is when the events began to occur involving this matter. Thus, 44 hours preceding 2/16/05 should be eliminated. (Plaintiff's Reply, pp. 126-129)

Amount of reduction (44 hrs @ 425.00): $ 18,700.00

**3.    Objection: "Bi-Weekly Case Reviews" are unexplained and unjustified.**

Eighty three .25 hour entries appear as follows:

| 5/18/02 | 6/1/02 | 6/15/02 | 6/29/02 | 7/14/02 |
| --- | --- | --- | --- | --- |
| 7/27/02 | 8/10/02 | 8/23/02 | 9/8/02 | 9/22/02 |
| 10/5/02 | 10/20/02 | 11/3/02 | 11/17/02 | 12/1/02 |
| 12/15/02 | 12/29/02 | 1/12/03 | 1/26/03 | 2/9/03 |
| 2/23/03 | 3/8/03* | 3/9/03* | 4/5/03* | 4/6/03* |

22

| | | | | |
|---|---|---|---|---|
| 4/19/03* | 4/20/03* | 5/3/04* | 5/4/03* | 5/18/03* |
| 5/19/03* | 5/31/03* | 6/1/03* | 6/14/03* | 6/15/03* |
| 6/28/03* | 6/29/03* | 7/12/03 | 7/26/03 | 8/9/03 |
| 8/23/03 | 9/6/03 | 9/20/03 | 10/4/03 | 10/18/03 |
| 11/1/03 | 11/15/03 | 11/29/03 | 12/13/03 | 12/27/03 |
| 1/10/04 | 1/24/04 | 2/7/04 | 2/20/04 | 3/6/04 |
| 3/20/04 | 4/3/04 | 4/18/04 | 4/30/04 | 5/15/04 |
| 5/29/04 | 6/12/04 | 6/26/04 | 7/10/04 | 7/31/04 |
| 8/6/04 | 8/21/04 | 9/4/04 | 9/18/04 | 10/2/04 |
| 10/16/04 | 10/30/04 | 11/13/04 | 11/27/04 | 12/11/04 |
| 12/23/04 | 1/8/05 | 1/22/05 | 2/5/05 | 2/18/05 |
| 3/5/05 | 3/19/05 | 4/2/05 | | |

* These dates show bi-weekly reviews that occurred *twice* every two weeks rather than once every two weeks. (Plaintiff's Reply, pp. 127-128)

Amount of reduction (20.75 hrs @ $425): $ 8,818.75

4.      **Objection: Clerical and non-professional services are not compensable.**

3/3/03  Assembling hearing notebook 1.75 hrs
6/2/03  Assembling meeting notebook .25 hrs
2/28/05 Assembling hearing notebook 1.75 hrs
4/2/05  Assembling time sheets/bill 1.0 hrs

Amount of reduction (4.75 hrs @ $425): $2,018.75

5.      **Objection: Compensation for IEP meetings is barred by IDEIA.**

6/2/03 Preparation for meeting .75 hrs
6/3/03 BLMDT/IEP meeting 1.5 hrs

Amount of reduction (2.25 hrs @425.00): $637.50

6.      **Objection: Entries are vague and lack specificity.**

3/3/03 Preparation for hearing 3.0 hrs
3/12/03 Preparation for hearing 3.5 hrs
2/28/05 Preparation for hearing 3.0 hrs
3/12/05 Preparation for hearing 3.5 hrs
3/24/05 Preparation for hearing 1.75 hrs

Amount of reduction (14.75 hrs @ $425): $ 6,268.75